### WIGGINS *v.* MAYER & ULLMAN.

1. The suit being based on promissory notes and an account, and the
defendant having been personally served, and the case, accord-
ing to the judge's docket, being in default, and no plea having been
filed, it was not error for the court to apply section 3457 of the
code, and direct a verdict for the plaintiff without proof of the
account, the notes sued on and the open account being introduced
in evidence by the plaintiff.
2. On the showing made, the court could consider counsel for the
defendant below as in *laches* in not looking to the state of the docket
and seeing in due time whether his name was marked thereon or
not.
3. There was no error in overruling the motion for a new trial.
    July 17, 1893.

Before Judge SWEAT. Wayne superior court. Octo-
ber term, 1892.

Mayer & Ullman sued Wiggins upon eight promissory
notes and an open account. At the trial plaintiffs intro-
duced the notes and the account sued on, together with
the sheriff's entry of personal service on defendant, and
closed. There was no evidence for defendant. The court
directed a verdict for the full amount of the notes and
account. Defendant's motion for a new trial was over-
ruled, and he excepted. The grounds of the motion
were, that the judgment rendered against defendant is
illegal, in that it is based on a claim of promissory notes
and an open account, two separate causes of action ;
that the court erred in allowing the suit to proceed to

trial with the declaration on promissory notes and an open account joined therein; and that the court erred in directing a verdict in favor of plaintiffs without proof of the open account; there being no appearance or plea by defendant shown by the docket, but Mr. Mabry, attorney for defendant, testifying that at the previous March term, 1892, when the case was called on the appearance docket, he was present in a jury-room of the court-house, that defendant called him to answer to the call of the case, and that he (Mabry) announced to the judge presiding that Stewart Johnson, Esq., and himself desired their names marked on the docket as representing the defendant. The bill of exceptions states the following: When the case was called, Mr. Mabry moved for continuance because the leading counsel for defendant, Johnson, was absent. Plaintiffs' counsel raised the objection that there had not been an appearance or plea by defendant at the appearance term. Judge SWEAT, presiding, announced that there was no name of attorneys representing defendant marked on the docket, and that therefore the plea of general issue was not considered filed. Mr. Mabry was sworn and testified, that at the last term, the appearance term, Judge ATKINSON presiding, when the case was called on the appearance docket, he answered the call as one of the attorneys of defendant, and requested the court to mark his name and that of Johnson as attorneys of defendant. The defendant was sworn also to the same effect. No other witness was sworn. Judge ATKINSON, who appeared at the trial for plaintiffs, was present and heard the testimony of Mabry and defendant, and did not deny the same. The motion for continuance was overruled; whereupon Mabry asked the court to mark his name and that of Johnson as defendant's counsel as of the appearance term, as under the evidence it was not done at the appearance term by the judge who was then pre-

siding, presumably through inadvertence. This the court declined to do, being guided by the docket, but marking counsel's names as appearing at the trial.

G. B. MABRY and STEWART JOHNSON, by brief, for plaintiff in error.

CROVATT & WHITFIELD, by HARRISON & PEEPLES, *contra.*

BLECKLEY, Chief Justice.

1. As the action was not based exclusively on unconditional contracts in writing, but included, with the promissory notes, an account, the case was not one for rendering judgment by the court without a jury. According to the bench docket it was in default; no counsel was marked for the defendant, and in point of fact no plea was filed. There had been personal service of the petition and process on the defendant. The code in §3457 provides that in all cases of suits on open accounts where there has been such service and no defence is made either in person or by attorney at the time the case is submitted for trial, it shall be considered in default, and the plaintiff shall be permitted to take judgment as if each and every item were proved by testimony. In the present case personal service was equivalent to proving the account, and the notes declared upon were introduced in evidence with the account, and thus the whole cause of action was established, and there was no error in directing a verdict.

2. There was no motion to open the default and make defence *instanter*, but counsel contended that there was in fact an appearance and a verbal answer to the case when it was called on the docket at the appearance term; and by his own testimony and that of his client he showed that this was true in fact. But the court disregarded this parol evidence and decided to abide by the docket. We cannot say that this was error. A good reason for abiding by the docket might be that counsel for defendant was in *laches* in not looking at the state

of the docket and seeing in due time whether his name was marked thereon or not.    Six months had elapsed from the time this docket was called and the entry of default made.    Certainly that entry would not have been made if the court had heard counsel answer orally at the call of the case.    The code provides that the general issue shall be considered as filed in all cases which are answered to at the first term.    Code, §3458.    But the appropriate evidence of a case being answered to at the first term is an entry made at that term on the bench docket, the usual entry being the word "answer," or an abbreviation of it, together with the names of counsel making the answer, these names being commonly put on the margin of the docket opposite the statement of the case.    Here the usual evidence of answer was wanting, and no writing whatever, either plea or entry, was produced to vouch the fact.    Inasmuch as answer is to be a substitute for a written plea, the fact of answer ought to be matter of entry on the docket, and it could well be regarded as *laches* on the part of counsel in not looking at the docket and having the proper entry made, if not at the appearance term, as soon thereafter as was practicable.

3. There was no error in denying a new trial on any of the grounds taken in the motion.

*Judgment affirmed.*