[No. 615. August 28, 1895.]

## GERMAN-AMERICAN INSURANCE COMPANY, PLAINTIFF IN ERROR, v. CHARLES ETHERIDGE ET AL., DEFENDANTS IN ERROR.

PRACTICE—FAILURE TO SERVE DECLARATION—DISMISSAL OF ACTION.—On a motion to dismiss a cause, for the failure of plaintiff to serve defendant or his attorney with a copy of the declaration within ten days after his appearance, defendant is entitled to a judgment of dismissal, under section 4, Practice Act, 1891, although the declaration be served before the judgment is rendered, where, before such service, the motion to dismiss has been heard and submitted, without any showing by plaintiff for his failure to serve the declaration within the prescribed time.

ERROR from a judgment for defendant, to the Second Judicial District Court, Bernalillo County. Affirmed.

The facts are stated in the opinion of the court.

BERNARD S. RODEY for plaintiff in error.

W. B. CHILDERS for defendants in error.

The court committed no abuse of discretion in sustaining defendants' motion for dismissal. Practice Act, 1891, secs. 2, 4; Haynes v. Schwartz Co. et al., 32 Pac. Rep. (Wash.) 220.

The court will not set aside a judgment of default occasioned by the negligence of the attorney. Wiggins v. Mayer, 18 S. E. Rep. 430; Milwaukee Mut. Loan Ass'n v. Jagodzinski, 54 N. W. Rep. 102.

The plaintiff's attorney offered no excuse for his failure to serve the defendants with a copy of the declaration, and the court, in sustaining defendants' motion, acted clearly within its powers. Pine Mt. Iron & Coal Co. v. Tabour, 56 N. W. Rep. (Minn.) 895.

LAUGHLIN, J.—On the twenty-fifth day of May, 1881, the defendant in error, Charles Etheridge, being then the local agent of the plaintiff in error, entered into a bond to it in the sum of $500, the conditions of which were that said principal, Etheridge, should well and truly discharge his duties as such agent, and pay over to said company all funds received by him as such agent and due said company. The other defendants in error, W. B. Childers and Jeff Grant, signed and became sureties on said bond. In 1887 Etheridge left the country, and on the twenty-seventh day of April, 1891, declaration was filed by plaintiff in error in this case on the bond against the principal and sureties thereon. Said Etheridge and Grant being nonresidents, defendant Childers was served with process, and he at once appeared and obtained a rule on plaintiff for security for costs, which rule was complied with on May 27, 1891. No other proceedings in case appear from the record until the ninth of October, 1891, when defendant Childers filed his motion to dismiss the case because plaintiff had failed to serve defendant or his attorney with a copy of the declaration within ten days after the return of the writ. The case then remained in "suspended animation" until the twenty-seventh day of April, 1895, when, after the motion was heard and under consideration by the court, and before the decision was rendered, plaintiff's attorney caused to be handed to defendant Childers a copy of the declaration. The court sustained the motion of defendant on the second day of May, 1895, and dismissed the case; and plaintiff thereupon sued out his writ of error, and the case is now before this court on the record.

The contention of the plaintiff in error is that the court below erred in sustaining the motion to dismiss the case after a copy of the declaration had been served on the defendant, pending the motion, and before the

PRACTICE: failure to serve declaration: dismissal of action. decision of the court had been rendered thereupon, in that the service of the copy cured any laches on his part. The section of the statute governing this case is as follows: "Sec. 4. Within ten days after defendant's appear- ance is entered plaintiff or his attorney or solicitor, shall deliver to defendant or his attorney or solicitor a copy of the declaration, or bill of complaint; and each successive pleading thereafter shall be filed with the clerk, and a copy served on the opposite party or his attorney, or solicitor, within ten days of the filing, and service of the next preceding pleading. And failure to file and serve a pleading within the required time shall entitle the opposite party, if plaintiff, to a judg- ment nil dicit, or a decree pro confesso, and if defend- ant to a judgment or decree of dismissal; provided, such judgment or decree is obtained before the pleading is filed and served." Laws, 1891, p. 122. Plaintiff in error contends that this case comes under the proviso, in that the pleading was served before the judgment of the court had been rendered on the motion. This con- tention can not be maintained. He made no showing for his failure to comply with the statute, and the court was left without any discretion in the matter. The motion had been heard by the court and submitted, and the only thing left was to sustain or deny it. This was in the nature of a default proceeding, and the court will not set aside a default judgment without a proper showing addressed to the sound discretion of the court, In this case there was no showing or excuse of any kind offered. Haynes v. B. F. Schwartz Co. et al., 32 Pac. Rep. 220; Wiggins v. Mayer, 18 S. E. Rep. 430; Milwaukee Mutual Loan Ass'n v. Jagodzinski, 54 N. W. Rep. 102. Plaintiff in error in this case has allowed it to remain in "a state of innocuous desue- tude" for nearly four years, and we think the court would have been sustained in dismissing the case, in

the face of such laches on the part of the plaintiff in error, unexplained, even without the provisions of the statute supra.    There being no error of record, the judgment of the court below is affirmed.

HAMILTON and BANTZ, JJ., concur.    The CHIEF JUSTICE did not sit in the case, and took no part in this opinion.