## Case No. 3,011.

COLLINS v. CHICAGO.

[4 Biss. 472; [1] 1 Thomp. Nat. Bank Cas. 191.]

Circuit Court, N. D. Illinois. Jan., 1867.

STATE TAXATION OF NATIONAL BANKS.

1. The capital stock of a national bank cannot be assessed, as such, by state authority.

2. The only way such stock can be reached is by assessment of the shares of the different stock-holders.

[Aaron L. Collins against the city of Chicago to set aside an alleged illegal assessment of national bank stock.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DRUMMOND, District Judge. The material facts in this case are that the city caused to be assessed, for the payment of taxes, under the law of Illinois, the stock of the First National Bank of this city, as so much capital in the aggregate, with the intention of having the tax levied on the sum total of the capital stock of the bank. Plaintiff, a non-resident stock-holder, has applied to have the assessment set aside as illegal.

The assessment is in violation of the acts of congress authorizing the existence of national banks. The capital stock of the bank, as such, cannot be assessed under state authority. The only way that such stock can be reached is to assess the shares of the different stock-holders in the same manner that assessments are made in other cases against property owned by the citizens and inhabitants of the state.

NOTE [from original report]. For a full discussion of the right of states to assess corporations and corporate stock, consult Union Nat. Bank v. City of Chicago [Case No. 14,374]. and cases there cited; State Tax on Foreign-Held Bonds. 15 Wall. [82 U. S.] 300; Delaware Railroad Tax. 18 Wall. [85 U. S.] 206.

It was held by the supreme court of Illinois in People v. Bradley, 39 Ill. 130, that where the state taxes the capital, and not the shares of stock, in state banks, it can also tax the shares of national bank stock. The New York court of appeals held the same doctrine in Van Allen v. Nolan. 33 N. Y. 161. These cases were both reversed by the United States supreme court, on the ground that the state can only impose a tax upon the share of national bank stock where it taxes the shares and not the capital of a state bank in the aggregate. Bradley v. People, 4 Wall. [71 U. S.] 459; Van Allen v. Assessors, 3 Wall. [70 U. S.] 573. See, also, Tappan v. Merchants' Nat. Bank [19 Wall (86 U. S.) 490.]