## THE FIRST NATIONAL BANK OF LEOTI v. E. W. FISHER, as *Treasurer of Wichita County, et al.*

1. NATIONAL BANK —*Invalid Assessment.* The assessment of the entire stock of a national bank *in solido* against the bank itself is invalid.

2. ———— *Capital Stock, How Assessed.* The only way that the capital stock of a national bank can be reached is by the assessment of the shares of the different or individual stockholders. Under the statute of this state, the bank may pay the tax assessed upon the shares of its different stockholders, and it will have a lien thereon when it pays such tax until the same is satisfied. But if from any cause the tax levied upon the different stockholders is not paid by the bank, the property of the individual stockholders will be liable therefor.

3. TAX—*Deductions and Exemptions.* The individual stockholders of a national bank are allowed the same deductions from the assessment against them upon their shares of stock as other tax-payers in the state, owning moneyed capital, are allowed. But of course no double deduction or exemption can be allowed to any stockholder.

*Error from Wichita District Court.*

INJUNCTION to restrain the collection of a certain tax. Judgment for the defendants, at the June term, 1890. The plaintiff *Bank* brings the case to this court. The opinion states the material facts.

*E. C. Little,* for plaintiff in error.

*W. B. Washington,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The First National Bank of Leoti commenced this action to restrain the collection of certain taxes assessed against it. An order, temporarily restraining the treasurer and sheriff from levying and collecting the same from the property of the bank, was granted. The defendants demurred to the plaintiff's petition, upon the ground that there was a defect of parties defendant; that the petition did not state facts sufficient to grant the relief prayed for, and that it did not state a cause of action against the defendants.

The court sustained the demurrer and dissolved the restraining order. The plaintiff excepted and brings the case here.

The petition alleges that the plaintiff is and was at all times mentioned a national bank; that E. W. Fisher and John H. Edwards are treasurer and sheriff, respectively, of Wichita county; that on May 10, 1890, the treasurer issued a tax-warrant against the plaintiff for $1,569.14 to the sheriff, and that the whole amount thereof was erroneously, wrongfully and illegally assessed against plaintiff. The petition further states, that on the 22d of March, 1889, the township assessor took a statement of the amount of property held by the bank, and a statement of the amount of stock of the bank as the personal property of the bank, and so assessed it *in solido*, without notifying the stockholders, and without giving them opportunity to claim exemptions. The petition further alleges, that in January, 1890, the board of county commissioners, having demanded and received from the president of the bank a list of stockholders with the amount of stock held by each on March 1, 1889, and of surplus, undivided profits and real estate, increased the bank assessment on the stock, which had once before been assessed, so that $700.84 were added to the amount of the tax, and that this was done without giving any notice to the stockholders, and that the assessment against the property was made as before, *in solido*, and as the property of the bank. It is contended that the method of the officers in assessing and attempting to collect the taxes complained of is contrary to § 5219 of the United States Revised Statutes, and also contrary to various sections of chapter 107, General Statutes of 1889, providing for the assessment and collection of taxes. Said § 5219 reads:

"Nothing herein shall prevent all the shares in any association from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the state within which the association is located, but the legislature of each state may determine and direct the manner and place of taxing all of the shares of the national-banking associations located within the

state, subject only to two restrictions, that the taxation shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of such state, and that the shares of any national-banking association owned by non-residents of any state shall be taxed in the city or town where the bank is located, and not elsewhere. Nothing herein shall be construed to exempt the real property of associations from either state, county or municipal taxes to the same extent according to its value as other real property is taxed."

Paragraph 6868, General Statutes of 1889, being § 22, article 6, of the act relating to the assessment and collection of taxes, provides that —

"Stockholders in banks and banking associations organized under the laws of this state or the United States shall be assessed and taxed on the true value of their shares of stock in the city or township where such bank or banking association is located, and the president, cashier, or other managing officer thereof, shall under oath return to the assessor, on demand, a list of the names of the stockholders and the amount and value of stock held by each, together with the value of any undivided profits or surplus, and said bank or banking association shall pay the tax assessed upon said stock and undivided profits or surplus, and shall have lien thereon until the same is satisfied: *Provided*, That if from any cause the taxes levied upon the stock of any banking association shall not be paid by said association, the property of the individual stockholders shall be held liable therefor: *Provided further*, That if any portion of the capital stock of any bank or banking association shall be invested in real estate, and the bank shall hold a title in fee simple thereto, the assessed value of said real estate shall be deducted from the original assessment of the paid-up capital stock of said bank or banking association, and said real estate shall be assessed as other lands or lots: *And provided further*, That banking stock or capital shall not be assessed at any higher rate than other property."

It has been many times held by the supreme court of the United States, that the authority of the states to tax the shares of national-bank stock is derived wholly from the act of congress, and that, without the consent of congress, these bank-stock shares could not be taxed by state authorities at all. (*McCulloch v. Maryland*, 4 Wheat. 316; *Osborn v. Bank of*

*U. S.*, 9 id. 738; *Weston v. Charleston*, 2 Pet. 449; *People v. Weaver*, 100 U. S. 539–543.)

The statute of the state may determine and direct the manner and place of taxing all shares of national-bank associations located within the state, subject, however, to the restrictions of § 5219 of the U. S. Rev. Stat. Under the state statute, which is in accord with the United States statute, authority is given to tax the shares of national banks as part of the taxable estates of the owners of the shares, but in levying these taxes, the state is prohibited from assessing them at a greater rate than is assessed upon other moneyed capital in the hands of other individual tax-payers. The tax so authorized by congress "is a several tax upon the shares of each individual stockholder or shareholder, as distinguished from a lumping tax or a tax *in solido*, upon the bank itself." (*National Bank v. City of Richmond*, 39 Fed. Rep. 309; *National Bank v. City of Richmond*, 42 id. 877.)

The shares of national banks must be assessed for taxation as the property of the individual stockholders or shareholders, respectively. (*Hershire v. National Bank*, 35 Iowa, 272.) Under the statute of our state, and according to general practice in other states, the national banks pay the taxes thus assessed for the individual stockholders, but the tax cannot be a lumping tax or a tax *in solido* upon the bank only. (*Bradley v. The People*, 4 Wall. 459; *National Bank v. Commonwealth*, 9 id. 353.)

It is conceded in this case that the assessment of the 22d of March, 1889, was and is void. The second assessment, according to the allegations of the petition, was a lumping tax, or a tax *in solido* upon the capital stock of the national bank and not upon the shares or upon the individual owners of the shares. The assessment of the entire stock of the bank *in solido* against the bank was invalid.

Drummond, J., said, in *Collins v. Chicago*, 4 Biss. 472, that —

"The capital stock of the national bank, as such, cannot be

assessed under state authority. The only way that such a stock can be reached is to assess the shares of the different stockholders in the same manner that assessments are made in other cases against property owned by the citizens and inhabitants of the state." (*National Bank v. Britton*, 105 U. S. 322; Ball, Nat. Banks, 215–224.)

It was said in *Van Allen v. Assessors*, 70 U. S. 596, that—

"In most of the states, if not in all, the personal property of all individuals and corporations is listed, valued and assessed by public officers under legislative authority. The first proviso (of the U. S. Rev. Stat. § 5219) simply requires that the shares of individuals in national-banking associations shall be included in this valuation and assessment; and, inasmuch as personal property of different descriptions is often valued and assessed by different rules, it further requires that it shall not be so included at a greater rate than is assessed upon other moneyed capital in the hands of citizens. . . . Now, by taxation in common, we understand taxation by a common rule and in equal degrees. To tax the shares of citizens in these associations by other rules, or in greater degrees than other like property, would as effectually retard, impede, burden and control the operation of the national currency act as to tax the associations themselves or their lawful operations, and would be clearly unwarranted by the constitution."

The individual stockholders of a national bank are allowed the same deductions from the amount assessed against them upon their shares of stock as other tax-payers in the state, owning moneyed capital, are allowed. But of course no double deduction or exemption can be allowed to any stockholder. (*Whitbeck v. National Bank*, 8 Sup. Ct. Rep. 1121; *Wasson v. National Bank*, Ind., 8 N. E. Rep. 97.) Therefore, the second assessment against the bank was void, and as both assessments were void, the officers of Wichita county had no right to issue a warrant for their collection, or for the collection of any part of the same. It is urged, however, that the bank must pay, or offer to pay, any part of the tax lawfully or justly due, before it can obtain the relief prayed for. According to the allegations of the petition, however, there is no part of the tax lawfully or justly due.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.