### THE WINFIELD BANK v. J. B. NIPP, *as Treasurer of Cowley County, et al.*

TAXATION OF BANKS—*Injunction.* Where a bank, organized and existing under the laws of the state, having a capital stock of $50,000, divided into 500 shares of $100 each, which are held by various individual stockholders, makes a return to the proper assessor, verified by the oath of its president, showing that the bank is the owner of stock in a company or corporation of the actual value of $22,000, and thereafter such return is properly filed in the office of the county clerk, and upon such return taxes are assessed and levied against the bank, *held,* that the bank cannot perpetually enjoin the collection of such taxes so levied upon the stock returned by it, upon the ground that the capital stock of the bank is held by individual stockholders. In such a case, no showing for equitable relief on the part of the bank is presented, as the assessment and levy of the taxes complained of were induced solely by the action of the bank.

*Error from Cowley District Court.*

ACTION by the *Winfield Bank* against *Nipp*, as treasurer, and *McIntire*, as sheriff of Cowley county, to enjoin the collection of certain taxes. Judgment for defendants, July 8, 1889. The plaintiff *Bank* brings error. The opinion states the facts.

*Peckham & Peckham,* for plaintiff in error.

*C. T. Atkinson* county attorney, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in the case are as follows: On the 1st day of March, 1884, and for a long time thereafter, the Winfield Bank was a corporation duly organized and existing under the laws of this state, having a capital stock of $50,000, divided into 500 shares of $100 each, which shares were issued and in the hands of various individual stockholders. On the 23d day of April, 1884, J. C. McMullen, who was then the president of the bank, furnished to the proper assessor of the city of Winfield a statement, verified by his oath, showing that the bank was the owner of stock in a com-

pany or corporation of the assessable value of $22,000. This statement was filed in the office of the county clerk by the assessor, and upon an equalization of the assessment, the value of stock was increased to $24,420. Upon this statement, taxes were levied in the sum of $1,030.47, and extended against the bank upon the personal property tax-rolls of the county for 1884. The taxes not being paid within the time prescribed by the statute, a warrant for their collection, with penalties and costs, was issued and placed in the hands of the sheriff. The sheriff was about to proceed to collect the same when restrained by a temporary injunction, granted at the instance of the Winfield Bank, which had commenced an action to perpetually enjoin the collection of the same.

On the 1st day of August, 1884, H. B. Schuler became the owner by purchase from J. C. McMullen and others of about four-fifths of the capital stock of the bank, and on the last-named day McMullen resigned his office as president of the bank and was succeeded in office by Schuler, who thereafter was the managing officer of the bank, at whose instance this action was brought. Upon the trial, the court below found in favor of the defendants, and rendered judgment for costs against the bank. Complaint is made of this ruling, and it is contended that the case of *Bank of Leoti v. Fisher*, 45 Kas. 726, is conclusive in favor of the plaintiff. In that case, no question of estoppel was presented, argued, or decided. Further, in that case, it appeared that before the assessment was finally completed the board of county commissioners received from the president of the Bank of Leoti a list of stockholders, with the amount of stock held by each on March 1, 1889. This action is not prosecuted by the stockholders of the Winfield Bank, and it is not alleged or shown that the stockholders have ever asked that their individual stock might be assessed for 1884. It does not appear that the stock held by the several stockholders was assessed for 1884. H. B. Schuler succeeded J. C. McMullen as president, but the action is not brought in his name, but in the name of the bank itself. The facts presented upon the trial disclose that all of the action

taken by the defendants in the assessment of the stock and in the levying of the taxes thereon was the result of the return of the Winfield Bank, duly verified by the oath of its president. The bank represented, through its managing officer, that on the 1st day of March, 1884, it had stocks in a company or corporation of the actual value of $22,000. This statement was verified by the oath of the president, its managing officer; therefore we do not think there are any equities existing in favor of the plaintiff. The plaintiff asks in this case equitable relief. It does not make a case showing that it is entitled to the relief demanded. The mode of assessing stock in a state bank is prescribed by ¶ 6868, Gen. Stat. of 1889, but, under the statute, the bank may pay the taxes assessed upon the individual stock of its stockholders and have a lien thereon. If the Winfield Bank had made a proper return under the oath of its president or managing officer to the assessor, then, of course, the statute would have to be complied with literally. (*Bank of Leoti v. Fisher*, supra.) But the action of the bank and its president have caused all the trouble complained of.

The judgment of the district court will be affirmed.

All the Justices concurring.