CITY OF BROOKFIELD v. TOOEY, *Appellant.*

**Division Two, December 7, 1897.**

1. **Judicial Notice:** PLEADING: ORGANIZATION OF CITIES OF THIRD CLASS.   The statutes of this State require all courts to take judicial cognizance of the organization of cities of the third class.   Hence a complaint by a city of the third class against a merchant for selling goods without a license is not bad because it does not designate the class of municipal corporations to which plaintiff belongs.

2. **Variance in Ordinance and Charter;** "POLICE JUDGE" AND "RECORDER:" "SPECIAL POLICE JUDGE."   That an ordinance prior to the statute of April 19, 1893, designated the judicial officer of a town as the "police judge," when by the statute then in force he was styled "recorder," is an immaterial variance; the charter controls, and the change of the style of the office did not affect the jurisdiction of the officer.   Nor is it material that the *de facto* police judge called himself "special police judge."

3. **Taxation:** EXCESSIVE: OCCUPATION TAX.   A city ordinance which assesses a "license tax of one per cent per annum upon the goods, wares, and merchandise of a merchant of said city" does not create an occupation tax or license, but a plain property or *ad valorem* tax, and such tax, being in excess of the maximum limit permitted by the Constitution, is void; such tax is also void because it is not uniform as to all personal property within the city.

*Appeal from Linn Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED.

*A. A. Bailey* and *Lander, Johnson & Lander* for appellant.

(1)   Not until the act of April 19, 1893, was the "police judge" created.   How the city on the fifth of

July, 1892, could, by ordinance, make a "police judge" is the mystery. (2) Again, no evidence in this record of any vacancy in the office of either "recorder" or "police judge," from all that appears, the "police judge" may have been present while the "special police judge" was performing judicial duties in his place. (3) The information or complaint is bad upon its face; cities of the various classes have different powers; the complaint fails to show the class that Brookfield belongs to. (4) A license on occupations for the purpose of revenue are taxes. Cooley, Const. Lim., p. 616, and note 5. Fifty dollars, meat shop license, is a tax. *St. Louis v. Spiegel*, 90 Mo. 591; Cooley on Taxation, pp. 387, 408. The collection of $350 revenue, "through the medium of a license, does not make it less a tax." *Cape Girardeau v. Riley*, 72 Mo. 223. (5) The city has the power to adopt its own method, either by the taxing power or the license power, to raise its revenue; but the method does not change the fact that it is a tax. *Express Co. v. St. Joe*, 66 Mo. 675. A merchant's license tax is a personal property tax. *State v. Tracy*, 94 Mo. 217. (6) If it is a tax, then section 11, article 10, State Constitution of 1875, with its restrictions, applies. *State ex rel. v. Columbia*, 111 Mo. 377; *Arnold v. Hawkins*, 95 Mo. 572; *Express Co. v. St. Joe*, 66 Mo. 675; *State ex rel. v. Railroad*, 123 Mo. 72; *St. Joseph v. Ernst*, 95 Mo. 360. (7) The ordinance in question is unreasonable, unjust, oppressive, extravagant, inconsistent with the general laws of the State, and beyond all necessities and objects ever intended by the charter. 1 Dillon, Mun. Corp. [4 Ed.], secs. 319, 320, 329; *Hannibal v. M. K. Tel. Co.*, 31 Mo. App. 32; *St. Louis v. Green*, 7 Mo. App. 468; *Corrigan v. Gage*, 68 Mo. 545; *Railroad v. City*, 85 Mo. 674; *Kelly v. Meeks*, 87 Mo. 401; *Cape Girardeau v. Riley*, 72 Mo. 220; *Halpin v. Campbell*, 71 Mo. 493; Cooley,

Const. Lim. [4 Ed.] 243; 17 Am. and Eng. Ency. of Law, pp. 247, 248, and notes.

*S. P. Huston* and *Charles K. Hart* for respondent.

(1) It was not necessary that the complaint should state the class of municipalities under which respondent was organized.   R. S. 1889, secs. 974, 1465; Laws of 1893, sec. 1, p. 67; *Savannah v. Dickey*, 33 Mo. App. 522.   (2) The law fixed the jurisdiction of the officer before whom offenses for violation of ordinances should be tried, and the fact that in the enactment of the ordinance the style of office may have been miscalled did not affect the validity of the ordinance. R. S. 1889, secs. 1469, 1552.   (3) The city has power to levy and collect taxes for general revenue purposes on all personal and real property in the city, taxable under the laws of this State; to levy on merchants an *ad valorem* tax equal to that levied on real estate to be ascertained in the same way as State and county taxes— which is only another way of assessing property; and to impose an occupation tax on merchants of all kinds. *St. Louis v. Green*, 70 Mo. 562; *St. Joseph v. Ernst*, 95 Mo. 360; *State ex rel. v. Tracy*, 94 Mo. 217; *St. Louis v. Bowler*, 94 Mo. 630; *St. Louis v. Spiegel*, 90 Mo. 587; *St. Louis v. Coal Co.*, 113 Mo. 83; Cooley on Taxation, p. 384. (4) The tax in this case is an occupation tax.   It is the privilege of doing business which is taxed.   *St. Louis v. Woodruff*, 71 Mo. 92; *Simmons v. State*, 12 Mo. 268; *Express Co. v. St. Joseph*, 66 Mo. 680; *St. Louis v. Sternberg*, 69 Mo. 301; *Glasgow v. Rowse*, 43 Mo. 480; *St. Louis v. Bircher*, 76 Mo. 431; *Ex parte Sisto Li Protti*, 68 Cal. 635; *Loan Ass'n v. Norman*, 32 S. W. Rep. 952; *City of Burlington v. Ins. Co.*, 31 Iowa, 102; *Hayes v. Irwin*, 8 Humph. 290; *Osborne v. Mayer*, 44 Ala. 493; *Express Co. v. Mayer,*

49 Ala. 404; *Sacramento v. Crocker*, 16 Cal. 119; *Young v. The Governor*, 11 Humph. 147; *Ex parte Mirande*, 14 Pac. Rep. 888; *Aurora v. McGannon*, 138 Mo. 38.

GANTT, P. J.—This action was commenced September 22, 1893, before T. M. Brinkley, who styles himself "special police judge," of the city of Brookfield.

The case was tried before said Brinkley, November 20, 1893, defendant found guilty, and fined $10 and costs, from which judgment defendant appealed to the circuit court of Linn county, in which latter court the cause was tried before the judge without a jury at the February term, 1895, and defendant was again found guilty, fined $10 and costs, from which latter judgment this appeal is prosecuted.

The complaint is that on the fifteenth day of July, 1893, defendant Henry Tooey, willfully and unlawfully sold goods as a merchant within the corporate limits of said city without first having obtained a "merchant's license" therefor, in violation of section 1, 2 and 3 of an ordinance passed July 5, 1892.

Section 3 of said ordinance is in these words: "Section 3.—Any person, firm, co-partnership, or corporation desiring to take out a license under the provisions of this ordinance, shall first make out in person or by an authorized agent, a sworn statement, and deliver the same to the city collector, which statement shall contain a true statement of the cash value of the greatest amount of goods, wares, and merchandise on hand, or intended to be kept on hand for sale during the year for which the license is applied for. Upon the filing of such statement with the city collector, *and paying to the city collector one per cent per annum upon the cash value of the goods, wares, and merchandise on hand, or to be kept on hand for the year*, as shown by the sworn statement furnished as aforesaid,

for the license, it then shall be the duty of the city clerk to issue the license, for which he shall be allowed a fee of fifty cents for issuing the license, to be paid by the licensee."

The following facts were agreed upon:

*First.* That the plaintiff was and is a city of the third class, under the laws of Missouri.

*Second.* That the ordinance under which the complaint herein is made shall be proven by a copy thereof, certified by the city clerk, that the same was duly passed and approved by the properly authorized officers of said city. The validity and force of which ordinance the defendant denies, and here saves the right to make all objections to the same, except to the formal passage thereof.

*Third.* The defendant Henry Tooey was, on the fifteenth day of July, 1893, a dry goods merchant, selling and offering for sale goods, wares, and merchandise at his stand in said city.

*Fourth.* That defendant had not at that time taken out a merchant's license, nor filed his affidavit showing the amount of goods on hand, or that he probably would have on hand during said year 1893.

*Fifth.* That defendant's said stock of merchandise at said time was of the cash value of $35,000.

*Sixth.* That during said year 1893 the plaintiff city levied and assessed defendant's said stock of goods, in common with all real and personal property in the city of Brookfield, for revenue purposes, the sum of fifty cents on the $100 valuation, and that the defendant has paid his taxes so levied and assessed; and has paid all taxes levied and assessed against him and his property by the State, county, township, and plaintiff city, other than the so-called license tax.

*Seventh.* That there were and are seventy-five merchants engaged in business in Brookfield, in 1893,

to which said license is intended to apply, and that the value of their respective stocks in trade would range in value from $200 to $40,000, and that the aggregate cash value of all such stocks in trade was, at the time of filing this complaint, $700,000.

Brief mention only need be made of the technical objection that the complaint was bad because it did not aver the class of municipal corporations to which plaintiff belonged.

It was alleged that it was a municipal corporation organized under the general laws of this State. The statutes of this State require all courts to take judicial cognizance of the organization of cities of the third class, to which class Brookfield belongs. R. S. 1889, sec. 1465; Laws of 1893, sec. 1, p. 67; *Savannah v. Dickey*, 33 Mo. App. 522.

II. At the time of the passage of the ordinance, July 5, 1892, the statutes of the State designated the officer to try offenses against the ordinance of the city as recorder. Secs. 1552, 1553 and 1554, R. S. 1889.

Afterward, by the act of April 19, 1893, the charter of cities of the third class was amended so that the officer authorized to try such offenses was designated "police judge." The ordinance of July 5, 1892, was expressly continued in force by the amendment. Acts 1893, sec. 2, page 67. The mere fact that in 1892 and prior to the amendment, the city council, in providing for the punishment of those who should violate the ordinance, denominated the judicial officer as "police judge" instead of "recorder," is utterly immaterial. It was unnecessary to name the officer as does the law of the State; the charter of the city designated the officer before whom such cases should be tried, and his functions remained substantially the same after the amendment as before. The change of the style of the office did not affect the jurisdiction of the officer, what-

ever his title; neither is there the slightest merit in the criticism that the *de facto* police judge called himself "special police judge."

III.   Counsel rightly concludes that the vital and exceedingly important question presented in this record. is the validity of *the license tax of one per cent per annum upon the cash value of the goods, wares, and merchandise owned by the defendant* as a merchant in said city.   It will be observed that the defendant has paid all of his taxes, state, county, and city, up to the constitutional limit, and that no question arises in regard to an election to increase the power of taxation.   In a word, can this tax of *one per cent upon the cash value of the goods on hand* be upheld as an occupation or privilege tax?   After a careful investigation of the question mooted and most ably discussed by counsel, it seems palpable that this is a property tax, pure and simple. It is an obvious misnomer to call it a tax upon occupation.   While cities of the third class may exact a license tax upon occupations or callings, the tax thus enacted must be upon the privilege itself, and not a plain *ad valorem* tax upon property as this ordinance levies. We are firmly convinced that this tax can not be held to be other than a direct tax upon property.   It is therefore in direct disobedience of sections 3 and 11 of article X of the Constitution of Missouri, because it is not uniform upon all the personal property in said city, but levies $1 upon every $100 of assessable personal property belonging to a merchant, and exempts all personal property not belonging to a merchant from said tax; and because having already taxed and collected of the merchants of said city fifty cents on the $100 valuation for said year, this additional *ad valorem* tax of one per cent on the same property is in excess of the constitutional limit and therefore void.

VOL. 141 mo—40

Whether the city can divide the merchants of a city into as many classes as their assessments differ in amounts, and denominate each merchant a separate class according to his valuation, and exact of each a different license tax as this ordinance evidently proposes, we deem unnecessary to discuss at this time. It is sufficient to say the present tax is so plainly a property tax and an effort to evade the Constitution that it is illegal and void.

The judgment of the circuit court is reversed. SHERWOOD and BURGESS, JJ., concur.