[No. 5200.   Decided April 12, 1905.]

JEFFERSON COUNTY, *Respondent,* v. FIRST NATIONAL
BANK OF PORT TOWNSEND, *Appellant.*[1]

TAXATION—BANK STOCK—ASSESSMENT TO BANK—VALIDITY—
SHAREHOLDERS PRIMARILY LIABLE.   Under Laws 1897, p. 147,
requiring taxes upon the capital stock of a bank to be levied and
assessed against the owners of the stock, an assessment of the
same to the bank is invalid, and cannot be enforced against real
estate of the bank, although the bank is made liable therefor if
the tax is not paid by the stockholders, especially as assessment
to the bank would deprive shareholders of the benefit of the law
allowing each shareholder to deduct his indebtedness from the
gross amount of his credits, in determining the amount of his
assessment.

Appeal from a judgment of the superior court for Jef-
ferson county, Hatch, J., entered January 19, 1904, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, decreeing the foreclosure
of a tax lien.   Reversed.

*Coleman & Ballinger,* for appellant, to the point that
an assessment of all the stock to the bank without naming
the owners, is void, cited: *Springfield v. First Nat. Bank,*
87 Mo. 441; *State ex rel. Gracy v. Catron,* 118 Mo. 280,
24 S. W. 439; *First Nat. Bank v. Meredith,* 44 Mo. 500;
*Miller v. First Nat. Bank,* 46 Ohio St. 424, 21 N. E. 860;
*Farmers' etc. Nat. Bank v. Hoffman,* 93 Iowa 119, 61
N. W. 416; *Sumpter Co. v. National Bank,* 62 Ala. 464,
34 Am. Rep. 30; *National Com. Bank v. Mayor,* 62 Ala.
284, 34 Am. Rep. 15; *First Nat. Bank v. Richmond,* 39
Fed. 309; *National Bank v. Richmond,* 42 Fed. 877; *Col-
lins v. Chicago,* Fed. Cas. No. 3011; *First Nat. Bank v.
Fisher,* 45 Kan. 726, 26 Pac. 482; *Brown v. French,* 80

[1]Reported in 80 Pac. 449.

Fed. 166; *State ex rel. Wilson v. First Nat. Bank,* 180
Mo. 717, 79 S. W. 943; *State ex rel. Mahan v. Merchants'
Bank,* 160 Mo. 640, 61 S. W. 676; *Owensboro Nat. Bank
v. Owensboro,* 173 U. S. 664, 19 Sup. Ct. 537. Personal
property taxes must be assessed in the name of the owner.
*Woodward v. Taylor,* 33 Wash. 1, 73 Pac. 785, 75 Pac.
646; *Baer v. Choir,* 7 Wash. 631, 32 Pac. 776, 36 Pac.
286; *Vestal v. Morris,* 11 Wash. 451, 39 Pac. 960; *Coolidge v. Pierce County,* 28 Wash. 95, 68 Pac. 391.

*J. M. Ralston* and *A. W. Buddress,* for respondent, contended, among other things, that the assessment to the
bank was a mere irregularity, in view of the bank's agency
and liability. *Western Invest. Bank. Co. v. Murray*
(Ariz.), 56 Pac. 728; *Small v. Lawrenceburgh,* 128 Ind.
231, 27 N. E. 500. An error in naming the owner is
immaterial. *Hertzler v. Freeman,* 12 N. D. 187, 96 N.
W. 294; *Petrie Lum. Co. v. Collins,* 66 Mich. 64, 32 N.
W. 923; *Michigan Dairy Co. v. McKinlay,* 70 Mich. 574,
38 N. W. 469; *Farnsworth Co. v. Rand,* 65 Me. 19;
*O'Neal v. Virginia etc. Bridge Co.,* 18 Md. 1, 79 Am.
Dec. 669; *Tyler v. Hardwick,* 6 Met. 470; *First Nat.
Bank v. Chehalis County,* 6 Wash. 64, 32 Pac. 1051; *Id.,*
166 U. S. 440, 17 Sup. Ct. 629; *Turpin v. Lemon,* 187 U.
S. 51, 23 Sup. Ct. 20, 47 L. Ed. 70.

HADLEY, J.—This is an action to foreclose a delinquency tax certificate issued to Jefferson county by the
county treasurer. The taxes involved were levied for the
year 1897, and the real estate described in the certificate
belonged then, and now belongs, to the First National
Bank of Port Townsend, the defendant in the action. The
defendant filed its written objections to the foreclosure of
the certificate, the same being to the following effect: That
said real estate was assessed by the county assessor for the

year 1897, and upon such assessment the taxes for said
year were levied, and entered upon the tax roll, against
said land in the sum of $122.57; that, before the taxes
for said year became delinquent, the defendant paid one-
half thereof, $61.28, as provided by law, which payment
was accepted by the county treasurer, who issued and de-
livered to defendant a receipt therefor; that thereafter, and
before the balance of said taxes became delinquent, the de-
fendant tendered to the county treasurer the remainder
thereof, and demanded a receipt therefor; that the treasur-
er refused to accept the money and issue such receipt, unless
the defendent would also pay the further sum of $455.26,
on account of certain pretended personal property taxes,
which the treasurer claimed were a lien against said real es-
tate by reason of having been assessed and levied against de-
fendant for the year 1897; that the defendant refused, and
still refuses, to pay such pretended personal property taxes,
for the reason that they were and are illegal, and that
defendant is not bound to pay the same, or any part
thereof; that, before the taxes lawfully assessed against
the land, as aforesaid, became delinquent, and at divers
times since, the defendant has tendered the sum of $61.29,
the balance remaining unpaid, but the plaintiff has re-
fused to accept it; that defendant now brings said sum
into court, and tenders it in satisfaction of the lawful taxes
against the land for said year; that the defendant has paid
all taxes levied against said real estate prior to 1897, and
all taxes lawfully assessed against it since said year; that
a wrongful and pretended personal property assessment
was made against the defendant for the year 1897, and
under such pretended assessment a levy of pretended
taxes was made against defendant, amounting to the sum
aforesaid; that defendant has refused, and still refuses,
to pay the same, for the reason that the pretended assess-

ment and levy were wholly without authority of law; that,
notwithstanding the illegality of said taxes, the plaintiff
has caused the same to be made a charge against said real
estate in the same manner as lawful delinquent personal
property taxes are charged against land, and has caused
its county treasurer to issue to it a paper purporting to be
a tax certificate of delinquency; that such pretended cer-
tificate includes, not only the unpaid portion of the lawful
taxes against said real estate, which was tendered as afore-
said, but also said illegal personal property taxes; that the
amount of $947.72, for which such pretended certificate
was issued, is wholly made up of said legal taxes of $61.29,
and of said illegal taxes of $455.26, together with interest
illegally charged upon both the legal and illegal taxes.
The plaintiff now claims that the whole amount set forth
in the pretended certificate is a valid lien upon said land,
and it is seeking by this proceeding to foreclose the same.
It is also alleged that the illegal personal property taxes
cast a cloud upon the title of defendant, which ought to be
removed, and judgment is asked that the same shall be
removed; also, that plaintiff shall be required to accept
the sum of $61.29, the amount tendered, in full payment
and satisfaction of all taxes against said real estate for the
year 1897, and to issue its receipt to that effect. A trial
was had before the court without a jury, which resulted in
a decree foreclosing the certificate, in accordance with the
plaintiff's demand. The defendant has appealed.

The several briefs on this appeal together comprise
nearly three hundred and fifty pages of printed matter.
It is manifestly impracticable, within the reasonable limits
of an opinion, to intelligibly discuss all the questions
argued by counsel. For the disposal of the case, we find
it unnecessary to do so. The evidence in the record is to
the effect that, in 1897, the county assessor did not assess

to the appellant bank any stock or personal property, but that the board of equalization for that year caused notice to be served upon appellant to show cause why it should not be assessed on its stock in the sum of $25,000. The bank appeared before the board, and protested against such assessment. The board took the matter under advisement, and afterwards determined upon an assessment of $13,000 against the appellant upon its stock. The appellant contends that the action of the board of equalization was not that of raising an assessment already made by the assessor, but was the making of an original assessment, which it is urged the board was without power to do.

Under our views of the case, it is unnecessary to discuss that question. Whether the assessment originated with the assessor or with the board, it is, nevertheless, true that an attempt was made to assess $13,000 to the bank upon its stock, and, based upon that assessment, the county now seeks to collect the taxes which are in controversy here. Section 21 of the revenue act of 1897, Laws 1897, p. 147, Pierce's Code, § 8613, requires that the stock of a bank shall be assessed to its owners. The assessment here was made to the bank, and not to the owners of the stock, and was, therefore, clearly without the authority of the statute. It is true that §§ 22 and 23 of said act, being Pierce's Code, §§ 8614 and 8615, provide that the bank shall pay the taxes to the collector, and may have a lien upon the stock therefor. This method of payment does not, however, exclude payment by each individual stockholder against whom the stock must be assessed. That it was not the intention to make the bank primarily liable for payment is evident from the concluding sentence of § 22, as follows: "If such tax is not so paid, the said bank or other corporation shall be liable for the same." It is thus apparent that the bank is not liable in the first in-

stance, and becomes so only on failure of the shareholder to pay the taxes.

It is insisted by the respondent that the bank stands somewhat in the position of a garnishee; that, if it pays its tax and charges it relatively to the stockholders, the same result is obtained for the stockholders as if paid by them direct, and that no injury results. Respondent cites *First Nat. Bank v. Chehalis County,* 6 Wash. 64, 32 Pac. 1051, in support of this argument. It was held in that case that an assessment of stock to the bank *in solido* was valid, and the theory of respondent advanced here was applicable to that case. But it will be observed by reference to the opinion that the court was considering our revenue law of 1891, which provided for the assessment to be made against the bank, and not against the stockholder. The court pointed out the distinction between our statute, as it then was in that particular, and those of Ohio and Kansas, which provided for assessment of the stock to the shareholders. After that decision, and in 1897, as we have seen, our legislature provided for assessment to the shareholders, and there was no statute authorizing this assessment to be made to the bank.

The argument that no injury can result for the reason that, when the bank pays this tax, it will charge it to the account of the shareholders, seems plausible, but we must remember that, under Pierce's Code, § 8593, each shareholder may deduct his indebtedness from the gross amount of his credits, in determining the net amount he shall be assessed. That opportunity was not given the shareholders here. They were not originally assessed, and they had not been made parties to any of the proceedings. Respondent argues, and the court found, that the stock was assessed to the individual shareholders, as well as to the bank; but there is no evidence that it was assessed to the

shareholders unless its assessment to the bank amounted to an assessment to shareholders. Such is not what is meant by assessment to the owners of the stock. The stock should be listed for assessment in the name of the stockholders. If it has been so assessed to the individual shareholders in this instance, they having an opportunity to deduct their indebtedness, then it may be that they have paid their respective portions along with their other personal taxes; and, in that event, the collection under the assessment to the bank would become a double charge against them.

Respondent comments upon the liberality of modern tax procedure, and upon our own decisions in support thereof. We recognize that the procedure has been greatly liberalized, and properly so, in the interest of collecting the necessary revenue for the purposes of state and county government. We have endeavored, in our decisions, to meet the evident spirit of our statutes in that regard. But we do not see our way clear to sustain a tax upon bank stock which has been assessed against the bank, when the law specifically says it shall be assessed to the several owners of the stock. Even though the result of sustaining the tax might lead indirectly to payment by the owners, still their rights are prejudiced when the assessment is not made to them individually, and their indebtedness respectively deducted therefrom.

We believe the judgment was erroneous. It is therefore reversed, and the cause remanded, with instructions to enter judgment removing the cloud of the personal property tax from the real estate described in the certificate, and requiring the respondent to accept the amount tendered, and receipt for it as the balance in full of all taxes against the land for the year 1897.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.