[No. 10477.    Department One.    August 29, 1912.]

SPOKANE & EASTERN TRUST COMPANY, *Appellant*, v.

SPOKANE COUNTY et al., *Respondents*.[1]

TAXATION —CONSTITUTIONAL REQUIREMENT — UNIFORMITY—BANK STOCK—"PROPERTY TAX." The assessment of bank stock for the purposes of general taxation, under Rem. & Bal. Code, § 9134, requiring it to be assessed to the owners thereof at its full and fair value in money, is a property and not an excise tax, and hence is subject to the constitutional requirement that taxes be uniform and equal (overruling *Pacific Nat. Bank v. Pierce County*, 20 Wash. 675, 56 Pac. 936, and *Ridpath v. Spokane County*, 23 Wash. 436, 63 Pac. 261).

SAME—UNIFORMITY—ARBITRARINESS—RELIEF—EQUITY. Const., art. 7, § 2, requiring a uniform and equal rate of assessment and taxation of property, is violated by the assessment of bank stock at 60 per cent of its value, when all other personal property is intentionally, and in pursuance of a fixed and definite policy, assessed at less than forty per cent of its value; and being arbitrary and a constructive fraud upon the rights of the property holder discriminated against, equity will grant relief.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 15, 1912, upon sustaining demurrers to the complaint, dismissing an action to enjoin the collection of a tax. Reversed.

*H. M. Stephens*, for appellant.

*A. M. Craven, John L. Wiley, O. J. Saville*, and *Bruce Blake*, for respondents.

[1]Reported in 126 Pac. 54.

Gose, J.—This is an appeal from a judgment sustaining demurrers to the complaint and dismissing the action upon the plaintiff's declining to amend. In brief, it is alleged, that the appellant is a domestic banking and trust corporation; that it had paid its annual license fee last due; that the county of Spokane and the city of Spokane are municipal corporations; that the defendants Stewart and Stone are respectively the county treasurer and sheriff of the county; that the capital stock of the appellant is $300,000, divided into three thousand shares of the par value of $100 each; that it was listed and purported to be assessed as required by the code, Rem. & Bal. Code, § 9134; that the respondents, in pursuance of a definite settled policy and design, intentionally adopted and practiced for a number of years, valued and assessed all property, real, personal and mixed, other than bank stock, upon the 1st day of March, 1910, at not to exceed 37.42 per cent of its real, actual cash value, and that they at the same time assessed the stock of the appellant at sixty per cent of its real, actual cash value; that the appellant appeared before the board of equalization at its regular session in 1910, and protested against the assessment and the discrimination, but that its objections were arbitrarily overruled and its petition for an equalization denied, and that it had tendered to the respondent treasurer the full amount of taxes which it should pay, measured by the policy adopted and accorded to all other classes of property. It is further alleged:

"That it is the practice and custom all over the state of Washington to assess property at less than the actual value, and to assess it upon some per cent of its value, and that per cent is usually from thirty to forty per cent. That property in the county of Spokane, state of Washington, other than the capital stock of banks, is assessed at not exceeding 37.42 per cent of the actual value thereof, and bank stock is assessed at a much higher and greater per cent of the actual value thereof, to wit, sixty (60) per cent."

The demurrers were rested and sustained upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The appellant contends that the assessment complained of is arbitrary, fraudulent, and violative of § 2, art. 7, of the constitution. The respondents contend that a tax upon the shares of stock in a banking corporation is an excise tax, and that the rule of uniformity and equality commanded by the constitution is complied with if all property of the class upon which the excise rate is levied is assessed at the same rate.

We will first consider the respondents' contention. In *Pacific Nat. Bank v. Pierce County*, 20 Wash. 675, 56 Pac. 936, and *Ridpath v. Spokane County*, 23 Wash. 436, 63 Pac. 261, it was held that a tax upon the shares of the capital stock of a banking corporation was an excise tax. However, the principle announced in later cases is not in harmony with that view. *Citizens' Nat. Bank v. Columbia County*, 23 Wash. 441, 63 Pac. 209; *Ladd v. Gilson*, 26 Wash. 79, 66 Pac. 126; *Jefferson County v. First Nat. Bank*, 38 Wash. 255, 80 Pac. 449. In the *Jefferson County* case it was sought to foreclose a delinquency tax certificate against the real estate of the bank. The bank had paid one-half of its real estate tax before it became delinquent, and had made a timely tender of the remainder. The board of equalization had made an assessment of $13,000 against the bank upon its capital stock, and had sought to make the tax thereon a lien upon the bank's real estate, and a delinquency tax certificate had issued to the county therefor. In meeting the argument that no injury had resulted to the stockholders from assessing the stock to the bank instead of the stockholder, the court said:

"But we do not see our way clear to sustain a tax upon bank stock which has been assessed against the bank, when the law specifically says it shall be assessed to the several owners of the stock. Even though the result of sustaining the tax might lead indirectly to payment by the owners, still their

rights are prejudiced when the assessment is not made to them individually, and their indebtedness respectively deducted therefrom."

The logic of that decision is that the tax is a property tax and not an excise tax. An excise tax is a tax upon a pursuit, trade, or occupation, and generally takes the form of an exaction for a license fee to pursue the particular occupation. 3 Words and Phrases, 2548. Where the charge is imposed solely or primarily as a means of raising revenue, it is a property tax. 37 Cyc. 711; 21 Am. & Eng. Ency. Law (2d ed.), 775; 3 Thompson, Corporations, § 2817; 2 Cook, Corporations, §§ 561-563; *Miller v. First Nat. Bank*, 46 Ohio St. 424, 21 N. E. 860; *First Nat. Bank v. Fisher*, 45 Kan. 726, 26 Pac. 482; *Bank of California v. San Francisco*, 142 Cal. 276, 75 Pac. 832, 100 Am. St. 130, 64 L. R. A. 918.

In the *Fisher* case it was said that a tax upon the shares of stock in a bank "is a several tax upon the shares of each individual stockholder or shareholder as distinguished from a lumping tax or a tax *'in solido'* upon the bank itself." The capital stock of a corporation is corporate property. The shares in it are the individual property of its stockholders. It is the latter that may be taxed in this state. Rem. & Bal. Code, § 9134. This statute enacts that all the shares of stock in banks located within the state shall be assessed to the owners thereof "at their full and fair value in money," after deducting the proportionate part of the assessed value of the real estate belonging to the bank. The intention to make the assessment a property tax could not be more clearly expressed. The primary purpose of the tax is to raise revenue. We think that *Pacific Nat. Bank v. Pierce County*, and *Ridpath v. Spokane*, in so far as they construe a tax upon bank shares under the existing statutes to be an excise, fail to correctly interpret the statutes, and that they are not reconcilable with the basic principles in the later decisions to which we have referred, and they are therefore overruled.

Section 2, art. 7, of the constitution commands that

"The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property."

As was said in *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047, 19 L. R. A. (N. S.) 707: "It is just as imperative that taxation shall be uniform and equal upon all property as it is that all property shall be taxed." There is neither uniformity nor equality where all kinds of property save one are, intentionally and in pursuance of a fixed and definite policy, assessed at less than forty per cent of its full and fair value, whilst that class of property is intentionally assessed at sixty per cent of such value. The facts pleaded do not show an erroneous valuation or a difference in judgment as to a correct measure of value, but rather an intentional and arbitrary discrimination against a particular class of property. Such an arbitrary policy is vicious in principle, violative of the constitution, and operates as a constructive fraud upon the rights of the property holder discriminated against. In such cases equity will grant relief. *Andrews v. King County*, 1 Wash. 46, 23 Pac. 409, 22 Am. St. 136; *Case v. San Juan County*, 59 Wash. 222, 109 Pac. 809; *Doty Lumber & Shingle Co. v. Lewis County*, 60 Wash. 428, 111 Pac. 562, Ann. Cas. 1912 B 870; *State ex rel. Oregon R. & Nav. Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7; *Savage v. Pierce County*, 68 Wash. 623, 123 Pac. 1088; *First Nat. Bank v. Christensen* (Utah), 118 Pac. 778.

The judgment is reversed, with directions to permit respondents to plead further if they so desire.

Chadwick, Parker, Crow, and Ellis, JJ., concur.