[No. 14335.  Department One.  January 18, 1918.]

NORTHWEST TRUST & SAFE DEPOSIT COMPANY, *as Trustee, Appellant,* v. THURSTON COUNTY *et al., Respondents.*[1]

ESTOPPEL—BY STIPULATION—PARTIES BOUND. A judgment in condemnation proceedings for the value of property entered upon stipulation between the parties, in which action the county had intervened for the sole purpose of protecting the right of the county to have its taxes paid out of the award, does not estop the county, in an action to cancel the tax as excessive, from disputing the value of the property, although the county attorney had signed the stipulation; since the stipulation did not fix the value of the property and was merely to settle the litigation and the county was not interested in the issue.

TAXATION—ASSESSMENT—EXCESSIVENESS—REVIEW. A tax upon a water works plant is not so grossly excessive as to amount to constructive fraud, where testimony of an engineer who had made a careful study of the plant sustained the assessment, and it could not be said that excessive valuation was established by evidence that is clear and convincing.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered July 14, 1917, in favor of the defendant, dismissing an action to cancel a tax, tried to the court.  Affirmed.

[1]Reported in 170 Pac. 125.

*Frank C. Owings,* for appellant.

*Troy & Sturdevant* and *George F. Yantis,* for respondents.

MAIN, J.—The purpose of this action was to secure a rebate of a portion of the taxes assessed upon the property formerly owned by the Washington Public Service Company, which was the owner of the waterworks system in the city of Olympia. The plaintiff is the trustee for certain mortgage bonds. The trial resulted in a judgment dismissing the action, from which the plaintiff appeals.

The facts may be summarized as follows: The taxes complained of as excessive were for the years 1913, 1914, and 1915. During the time when the taxes were levied, the waterworks plant was owned by the Washington Public Service Company, a corporation. After the taxes for the year 1915 had been levied, the city of Olympia began a condemnation proceeding in the Thurston county superior court for the purpose of acquiring the water plant. The venue of this action was transferred to the superior court of Pierce county, and the trial there resulted in a verdict of the jury fixing the value of the plant in the sum of $88,500. Before the trial, the county treasurer of Thurston county, represented by the prosecuting attorney thereof, was permitted to intervene. The purpose of this intervention was to protect the county in its right to have the taxes assessed for the years above mentioned paid out of the award in the condemnation proceeding. After a judgment had been entered in the latter proceeding, the owner of the plant, the Washington Public Service Company, the Northwest Trust & Safe Deposit Company, as trustee, and others, being dissatisfied with the amount of the award of the jury, prosecuted an appeal to this court. While the appeal was here pending and before a determination thereof, the parties entered into a stipulation to the effect that the judgment of the superior

court should be reversed and that this court should direct the entry of a judgment in the condemnation action in the sum of $102,500. This stipulation was joined in by the prosecuting attorney of Thurston county. In pursuance of the terms of the stipulation and the mandate of this court, a judgment was entered by the superior court in the sum of $102,500. This sum was paid into the registry of the court, and possession of the property was taken by the condemner. Thurston county, by its lawful officers, placed an assessed valuation upon the personal property of the Washington Public Service Company of $75,000 for the years 1913 and 1914, and $57,500 for the year 1915. These assessments were on the basis of fifty per cent of the fair market value.

The appellant claims that the fair market value on the first days of March, 1913, 1914, and 1915 did not exceed $79,706, and that the property, for the purposes of taxation, was of the value of one-half that sum, or $39,853. The amount of the tax, together with the accrued interest, based upon this valuation, was paid to the county treasurer, and the present action instituted for the purpose of cancelling the excess.

The respondents claim that the value of the property was $150,000, and that an assessment for one-half this sum, or less, did not require that the property bear an excessive tax.

It is first contended that, since the county treasurer intervened in the condemnation action and the prosecuting attorney signed the stipulation above referred to, the county cannot now be heard to say that the fair market value of the property, for the years mentioned, exceeded the amount stated in the stipulation; but this contention cannot be sustained. The only purpose of the petition in intervention was to protect the county's rights to have its taxes out of the fund which should be paid into court in the condemnation proceeding. No issue was made upon the complaint in intervention. It may well be doubted whether the county treasurer, in that action, would have had a right to appeal from

the judgment. Moreover, the stipulation does not assume to fix the value of the property, but provides that this court might reverse the judgment and remand the cause to the superior court with direction to enter a judgment for $102,500 in lieu of the judgment entered upon the verdict of the jury for $88,500. The purpose of the stipulation was to settle the litigation then pending, and was a compromise agreement for that purpose. The supplemental judgment entered by the superior court in pursuance of the stipulation and the mandate of this court provided that the $102,-500 be paid into court as compensation for the waterworks system or plant. We see no reason why the county, in this action, should be bound by the amount of compensation paid by the city in the condemnation proceeding for the plant.

It is next claimed that the evidence upon the trial of this action established such an excessive valuation of the personal property of the waterworks system as to make the assessment constructively fraudulent. The appellant recognizes the rule, repeatedly announced by this court, that the value fixed by the taxing officers will not be disturbed unless such valuation is shown, by clear and convincing evidence, to be so grossly excessive as to amount to a constructive fraud. The evidence offered upon the trial as to the value is conflicting. The appellant's engineer, who had made a careful valuation of the plant, placed that value at such a figure that, if accepted by the court, it would show an excessive assessment. The testimony of the engineer produced by the respondents, who also had made a careful study of the value of the plant, would sustain the assessment. Without reviewing the testimony of these witnesses in detail and discussing their respective theories, it may be said that, after a careful consideration of all the evidence, the court cannot say that an excessive valuation is established by evidence which is clear and convincing. Preliminary to the assessment for the year 1913, a printed blank supplied by the state board of tax commissioners for the assessment of gas

and water companies was handed to the manager of the Washington Public Service Company by the assessor. Upon this blank the property was listed and its value fixed at the sum of $150,000, and was thereupon returned to the assessor, together with a letter approving the same, by the president of the corporation. For neither of the years 1913 or 1914 did the owner of the property appear before the board of equalization and ask for a reduction of the assessment, but did appear before that board in the year 1915, and secured a reduction. This accounts for the discrepancy between the amount of the assessment for the two preceding years and the latter year. The amount fixed by the verdict of the jury cannot be given much weight as evidence of value, because that case never went to a final determination after the appeal was taken. The amount fixed in the stipulation cannot be given great weight as to the value of the property, because that stipulation was prompted by a desire to compromise and settle the litigation, one party doubtless being apprehensive that the judgment might not be affirmed, and the other that it would be.

The case of *Spokane & Eastern Trust Co. v. Spokane County*, 70 Wash. 48, 126 Pac. 54, Ann. Cas. 1914B 641, is not here in point, because in that case there was a fixed and definite policy on the part of the assessing officers to value bank stock at a higher percentage of its actual value than other property. In this case there was not a fixed and definite policy to assess the property of the Washington Public Service Company at a higher percentage of its value than other property in the county.

The case of *First Thought Gold Mines, Limited, v. Stevens County*, 91 Wash. 437, 157 Pac. 1080, is not controlling because, in that case, based upon the evidence there considered, the court was of the opinion that the value of the property involved, taken as a basis for taxation, was so far in excess of its actual value as to make the assessment constructively fraudulent.

Each case must be determined largely upon its own evidence. As already indicated, we are of the opinion that the evidence in the present case is not clear and convincing to the effect that the property was so grossly overassessed as to amount to a constructive fraud. It may appear that it is unjust to take property in a condemnation proceeding at one value and require the owner to pay taxes on it at another value, but the county was not bound by the condemnation proceeding, and, as already pointed out, the method of arriving at the compensation in that proceeding was such that it should not be given controlling effect here as evidence of value.

It is contended that the appellant is not estopped from questioning the value placed upon the property for the year 1913 by the manager and president of the Washington Public Service Company, the owner. This has been assumed in what has already been said and, consequently, does not require further consideration.

The judgment will be affirmed.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.