HIXON *v.* SCHOOL DISTRICT OF MARION.

4-3107

Opinion delivered June 5, 1933.

R. H. Berry, for appellant.

R. V. Wheeler and S. V. Neely, for appellee.

CHAS. T. COLEMAN, Special Chief Justice. Act No. 271 of the Acts of 1933 creates an old age pension com-

mission, composed of the Governor, the Auditor of State and the Treasurer of State, and appropriates $3,000,000 for old age pensions during the current biennium. To provide a fund for the payment of such pensions, the act requires the State Treasurer and the county treasurers to deduct one per cent. of the face value of all warrants paid by them, and deposit the amounts so deducted in the State treasury to the credit of the Old Age Pension Fund. The validity of the act, in so far as it levies a tax on warrants, is challenged on constitutional grounds.

Section 5 of article 16 of the Constitution provides as follows: "All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value."

The tax imposed by the act is not levied on all property subject to taxation, but only on the particular species of property represented by State and county warrants. If therefore it is a tax on property, it obviously violates the uniformity requirement.

The tax is plainly not a privilege tax. The right to collect debts, whether from municipalities or from individuals, is not a privilege in the legal acceptation of the term. Moreover, the power to tax privileges implies the power to destroy them, and, since the Constitution prescribes no limit on privilege taxes, the tax levied by this act, if it were a tax of that character, could be increased to any per cent. of the face value of the warrant without encountering constitutional restriction.

A tax on warrants has none of the characteristics of an excise tax. There is no exact definition of excises, but ordinarily they are duties laid on the manufacture, sale or consumption of commodities, or upon certain callings or occupations, and are generally referable to the police power of the State. *Pollock* v. *Trust Company*, 157 U. S. 429, 15 S. Ct. 673.

In substance and in legal effect, the tax is a tax on property.

No definition of property can be framed which does not include the right of ownership. Property therefore, in its broad and legal sense, is not only the physical thing which may be the subject of ownership, but is the ownership itself. The essential attributes of ownership are the rights of dominion, possession, enjoyment and disposition (1 Blackstone, Com. 138; *Buchanan* v. *Warley*, 245 U. S. 60, 38 S. Ct. 16; *Braceville* v. *People*, 147 Ill. 66, 35 N. E. 62, 22 L. R. A. 340, 37 Am. St. Rep. 206); and these rights are included within the protective provisions of the Constitution to the same extent as the physical things to which they pertain. *Terrace* v. *Thompson*, 263 U. S. 197, 44 S. Ct. 15. A tax on one of these essential attributes is therefore a tax on ownership, and a tax on ownership is a tax on property. *Thompson* v. *Kreutzer*, 112 Miss. 165, 72 So. 891.

A warrant represents a certain value in money. Ownership of the warrant involves the right to receive and possess the money. This right is an attribute of ownership, and therefore of property; and a tax on its exercise or enjoyment is a tax on property.

When a State or county warrant is paid in money, the money itself is subject to the ordinary taxes applicable to all other property. If the right to convert the warrant into money is taxed, and the money itself is also taxed, the ownership of the warrant is subjected to an unequal burden, and uniformity of taxation is destroyed. *Barnes* v. *Jones*, 139 Miss. 675, 103 So. 773; *City of Brookfield* v. *Tooey*, 141 Mo. 619, 43 S. W. 387; *Malin* v. *County*, 27 N. D. 140, 145 N. W. 582; *Fatjo* v. *Pfister*, 117 Cal. 83, 48 Pac. 1012; *Cook County* v. *Fairbank*, 222 Ill. 578, 78 N. E. 895; *Spokane Company* v. *County*, 70 Wash. 48, 126 Pac. 54; *Reser* v. *County*, 48 Ore. 326, 86 Pac. 595.

The tax sought to be imposed by the act contravenes § 5 of article 16 of the Constitution, and is void. Judgment affirmed.

BASIL BAKER, S. BRUNDIDGE, C. M. BUCK, S. M. CASEY, O. A. GRAVES and J. D. HEAD, Special Justices, concur.