87   523
117   36

[No. 13688.   Department One. — January 28, 1891.]

WILLIAM UNDERWOOD, APPELLANT, v. CATHER-
INE UNDERWOOD, RESPONDENT.

SETTING ASIDE JUDGMENT — INADVERTENCE AND MISTAKE — DISCRETION. —
The action of the trial court in setting aside a judgment upon a showing
of inadvertence and mistake will not be disturbed, if the appellate court
cannot say, under all the circumstances, that the court below abused its
discretion, even though the showing may be a weak one.

ID. — JUDGMENT QUIETING TITLE — DISCLAIMER — INADVERTENCE AND MIS-
TAKE OF ATTORNEY — LIS PENDENS — DEFENSE BY GRANTEES OF DE-
FENDANT. — An order setting aside a judgment quieting the title of the
plaintiff to city lots to which the defendant disclaimed title, and allowing
the grantees of the defendant to come in and defend, will not be disturbed,
if it is shown on the part of the defendant and his grantees that the dis-
claimer was made through an inadvertence and mistake of fact of the
defendant's attorney in supposing that the property had been conveyed
by the defendant before the commencement of the suit, whereas in fact
the conveyances were made pending the suit, and after a notice of *lis
pendens* had been filed by the plaintiff.

APPEAL from an order of the Superior Court of Los
Angeles County setting aside a judgment.

The facts are stated in the opinion of the court.

*Henry M. Smith,* and *Horace Bell,* for Appellant.

*C. C. Stephens,* for Respondent.

PATERSON, J. — This is an action to quiet title to several parcels of land situate in the city of Los Angeles. A notice of *lis pendens* was filed by plaintiff at the time the action was commenced. The defendant filed her verified answer, denying that plaintiff had any right, title, or interest in any of the lots described in the complaint. After this answer was filed, the defendant sold and conveyed to the respondents, John S. Underwood, Mary E. Regan, and Samuel A. Moore, all of the lots described in the complaint, except "lot 13, in block A." Thereafter, the attorney of defendant having died, she employed another attorney, who, after being informed by her of all the facts, filed an amended and unverified answer, disclaiming on the part of the defendant any interest in any of the property described in the complaint, except said lot 13.

The court found that defendant was the owner of said lot 13, in block A, and that plaintiff was the owner of the other lots in controversy, and judgment was entered accordingly on April 18, 1889. On July 22, 1889, the defendant moved the court to set aside the judgment, and for permission to amend her amended answer by striking out said disclaimer, on the ground that the amended answer containing the disclaimer had been filed through inadvertence and mistake. In support of her application, she filed an affidavit, setting forth that upon the advice of her first attorney she had sold the property (described in the disclaimer) to said Underwood, Regan, and Moore, in good faith, and for a valuable consideration; that upon the death of her attorney she had employed another counsel, and the latter, *after* being informed of all the facts, filed an amended answer containing the disclaimer, "he believing and understanding that said conveyances were made prior to the commencement of this action"; that "said disclaimer was an inadvertence and a mistake of fact; that judgment was entered against her by reason of said mistake,

and that she had no notice of the state of pleadings until July 10, 1889, when a writ of assistance was served on one of her grantees." Affidavits were filed by John S. Underwood and Mary E. Regan, alleging that the facts set forth in defendant's affidavit were true, and asking that they might be allowed to come in and defend against the claim of plaintiff. The attorney who filed the amended answer made an affidavit showing that when he drew it he understood that the property described in the disclaimer had been conveyed by defendant before the suit was commenced.

A counter-affidavit was filed by Horace Bell, showing that he had taken a portion of the property described in the disclaimer from the plaintiff for a valuable consideration subsequent to the judgment, without notice of any transfer by defendant, and after a search of the record, which failed to disclose any conveyance from defendant, and after the attorney for defendant had informed him that he knew of nothing that would invalidate the conveyance.

The court granted the motion to set aside the judgment, and from its order the plaintiff has appealed.

The showing made on motion to set aside the judgment is a very weak one, but we are always unwilling to interfere with the decision of the court below in matters of this kind.

The attorney for the defendant doubtless acted in good faith, and, as he supposed, for the best interest of his client, but under a mistake of fact as to the time when defendant had parted with her interest in the lots. We cannot say, under all the circumstances, that the court below abused its discretion.

The order appealed from is therefore affirmed.

GAROUTTE, J., and HARRISON, J., concurred.