[No. 568. Decided December 30, 1892.]

MARY L. HAYNES, *Respondent*, v. B. F. SCHWARTZ Co., *Defendant*, AND JOHN F. CHURCH, *Appellant*.

PRACTICE IN CIVIL CASES—REFUSAL TO SET ASIDE DEFAULT— DISCRETION OF COURT.

It is not an abuse of discretion for the trial court to refuse to set aside a default against a defendant who has failed to file his answer until after notice of default, where no showing is made which would justify or excuse the failure of the defendant to answer within the time prescribed by law, although the answer, as filed, may set up a meritorious defense.

*Appeal from Superior Court, Clallam County.*

*E. B. Mastick, jr.*, and *Coleman & Bush*, for appellant. *L. M. Lane*, and *W. R. Gay*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought to foreclose a mortgage. Appellant Church, who was alleged by the complaint to have a second mortgage on the property sought to be foreclosed, was made a party to the action and served with summons. There never was any appearance by the

defendant mortgagor. After the expiration of twenty days from the date of the service of summons upon appellant Church, the respondent filed her motion for default, a copy of which was served upon appellant. On the same day, but after the motion for default had been filed, the appellant Church, without leave of court, filed his answer. The court granted the default and gave judgment in accordance with the prayer of the complaint. Appellant afterwards moved the court to set aside the default and vacate the judgment, which the court refused to do. The action of the court in refusing said motion is alleged as error. No statement of facts or bill of exceptions appears in the record.

It is conceded by the appellant that the power to set aside a default is discretionary with the court, but it is urged that in this instance the discretion of the court was abused, and many cases are cited in support of this contention. In most of the cases cited, however, the action of the trial court was sustained. In *Underwood v. Underwood*, 87 Cal. 523 (25 Pac. Rep. 1065), the appeal was from the order of the court granting a motion to set aside the judgment. The court was sustained, but the supreme court said:

"The showing made on motion to set aside the judgment is a very weak one, but we are always unwilling to interfere with the decision of the court below in matters of this kind."

Investigation of that case shows that the showing was a comparatively strong one. *Clavey v. Lord*, 87 Cal. 413 (25 Pac. Rep. 493), is another case where the action of the court was sustained, and the supreme court, in commenting upon the case, says:

"Conceding that the court might have denied the motion to admit further evidence without any apparent abuse of discretion, as in the case of *Kohler v. Wells, Fargo & Co.*, 26 Cal. 613, cited by respondent, it does not necessarily follow that it was an abuse of discretion to grant the mo-

tion; for in cases where the decision is governed entirely by the discretion of the court it may often happen that a decision in favor of either party would not appear to be an abuse of discretion.    To say that the law allows no latitude for the exercise of discretionary power, is to deny that the power is discretionary.    The only limitation that the law has placed upon the exercise of discretionary judicial power is, that it must not be abused.    While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is, that it must plainly appear to effect injustice.''

And in all the cases cited the appellate courts have discussed the merits of the case.    But here there is no statement of facts by which this court can determine whether or not the trial court abused its discretion, and in the absence of an affirmative showing to the contrary the presumption is that the discretion has been rightfully exercised.

It is true that the answer on file states a good defense, but it does not appear that any showing was made by the appellant, meritorious or otherwise, why the answer was not filed within the time prescribed by law.    The simple fact that the answer sets up a meritorious defense is not a sufficient showing to justify the court in setting aside a default or in vacating a judgment.    Under the law the plaintiff was entitled to her default, and remained entitled to it until the showing was made which, in the mind of the court, justified or excused the failure of the defendant to answer within the time prescribed by law.    No attempt to make any showing of the kind was made in this case.    The record shows that the appellant was served with notice of the motion for default and that he appeared, but it does not appear that he made any objection whatever at that time to the granting of the default; and afterwards, when he

sought to have the default set aside and the judgment vacated, all the grounds of the motion were, that he had a meritorious defense to the action, and that he was not in default at the time the default was granted, for the reason that his answer was on file.

The law gave the defendant in this action twenty days in which to answer. It also gave him notice that, if he did not answer within that time, the plaintiff would be entitled to move for a default. He did not answer within twenty days, and the plaintiff had moved for a default and had served him with notice of such motion, and under the rules of the court he could not then file his answer without leave of the court. The action of the court in granting the default must relate back to the time at which the motion for default was made.

If plaintiff's theory is true, a defendant can forestall all default proceedings by filing his answer after the motion for default is served and filed, and the court would be deprived of all discretion in the very cases where the largest discretionary powers in the court are universally conceded.

So far as the record shows we are unable to say that any error was committed by the court, and the judgment is, therefore, affirmed.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.