[No. 3556.   Decided December 8, 1900.]

CITIZENS' NATIONAL BANK OF DAYTON, *Respondent,* v.
COUNTY OF COLUMBIA *et al., Appellants.*

TAXATION—ASSESSMENT OF BANK STOCK—ACTION FOR RELIEF—
PARTIES.

In the listing of shares of capital stock in a banking corpora-
tion and in the payment of taxes thereon, the bank is consti-
tuted by law a trustee in behalf of the shareholders, and hence,
under Bal. Code, § 4825, which provides that a trustee of an
express trust may sue without joining the person for whose
benefit the suit is prosecuted, the bank may maintain an action
in its own name for the purpose of securing relief against exces-
sive taxation of its capital stock.

SAME—JUDGMENT ON PLEADINGS—NECESSITY OF PROOF.

Where defendant refuses to answer after the overruling of its
demurrer to the complaint in an action for relief against ex-
cessive taxation, the court is justified in entering judgment upon
the pleadings without the taking of testimony, under Bal. Code,
§5090, which authorizes judgment for failure to answer and re-
quires proof of any fact, only in cases where it is necessary
to enable tne court to give judgment, or to carry the judgment
into effect.

SAME—DEFENSES—WANT OF OBJECTION TO EQUALIZATION—EXCUSES.

The failure of plaintiff to go before the board of equalization
and secure a reduction of its assessment is not ground for re-
fusing it relief, when the assessment was fraudulently increased
without its knowledge by the assessor, after that officer had
stated to it that its property would be assessed at the same value
as in the preceding year.

Appeal from Superior Court, Columbia County.—
Hon. MELVIN M. GODMAN, Judge.   Affirmed.

*Will H. Fouts,* Prosecuting Attorney, for appellants.
*Sturdevant & Brown,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—The respondent is a national bank, and, as plaintiff, filed in the superior court of Columbia county its complaint, alleging, among other things, ·its corporate existence under the laws of the United States, the names of the various shareowners of the bank, with the shares owned by each shareholder, and the value thereof. ·The complaint continues:

"5.   That plaintiff is the owner, and was so on the first day of March, 1898, of real estate in Columbia county which was valued and assessed by the assessor of said county in the year 1898 at the total value of $2,870, and which was the aggregate reasonable value of said real estate at the time of making said assessment.

6.   That the assessed valuation, assessed upon said· shares of stock in the year 1897 was in the aggregate $29,500, and their fair and full value in money on the first day of March, 1897, would not in the aggregate exceed that sum.   That the proper time for the assessing of real and personal property in said county, the cashier of plaintiff made and delivered to the assessor of said county in 1898, on or before the 15th day of March in said year, a statement verified by his oath, showing the name of each shareholder, with his residence, and· the number of shares belonging to him at the close of the business day next preceding the first day of March, 1898, as the same appeared on the books of said bank (this plaintiff).

7.   That, at the time of making out of the said statement by the cashier as aforesaid to the said assessor as aforesaid, and at the time the said assessor made the assessment upon the shares of stock as aforesaid, the said assessor informed the plaintiff that the assessment he would make upon said shares of stock would be the same as that made thereon in·the year.1897, and that it would

not exceed the amount assessed thereon for the year
1897; that plaintiff, relying upon said representation
and information as aforesaid that the said assessor would
assess said stock at the same valuation as in 1897, or not
exceeding that valuation, and having no notice of the val-
uation placed on said stocks by the said assessor, did not
go before the board of equalization and ask for a reduc-
tion of said assessment.

8.   That the said assessor did not assess the said stock at
$29,500 in his said assessment of 1898, as he had informed
the plaintiff, and as plaintiff believed he would do, but
assessed it for a much larger sum, to-wit, the sum of
$40,000; that plaintiff did not know of such exorbitant
valuation until a long time after said board of equaliza-
tion had adjourned, to-wit, on the 7th day of April, 1899.

9.   That full and fair value in money on the first day
of March, 1898, of said stock and the shares of stock in the
aggregate would not exceed the sum of $29,500, after
deducting therefrom the value of the real estate then
belonging to plaintiff aforesaid."

The plaintiff further alleges the tender of the amount
of taxes due, on the basis of the valuation agreed upon
with the assessor, and brings the same into court as a
continuing tender, and prays that the sum of money so
tendered be adjudged the whole sum due and unpaid as
taxes on the said shares of stock.   A demurrer was inter-
posed to the complaint and was overruled.   A motion was
then interposed, which was also overruled.   Judgment was
entered in accordance with the prayer of the complaint,
and an appeal was taken by the county of Columbia.

There are but two questions raised by the record in
this case:   (1) Did the complaint state a cause of action?
and (2) Was the court authorized to enter judgment
upon the pleadings?   It may be here stated that, upon
the overruling of the demurrer, the defendants refused
to plead, and judgment was entered upon the pleadings.
It is the contention of the appellants that, under the pro-

visions of the Code for the bringing of actions by parties
in interest, this complaint did not state a cause of action;
that the shareholders, and not the bank, were the real
parties in interest, and the only parties who could sus-
tain this action.    Section 4824, Bal. Code, provides that
"every action shall be prosecuted in the name of the real
party in interest, except as is otherwise provided by
law."    Section 4825 provides that "an executor or ad-
ministrator, or guardian of a minor or person of unsound
mind, a trustee of an express trust, or a person authorized
by statute, may sue without joining the person for whose
benefit the suit is prosecuted."  We are satisfied that the
bank here had authority to sue under the last section
quoted, if, indeed, it did not under the first.   A bank
is composed of its shareholders, and, while the law as-
sesses the shares to the shareholders, it imposes upon the
bank the duty of making out and delivering to the as-
sessor of the county in which the bank is located a state-
ment, verified by the oath of the cashier of said bank,
showing the name of each shareholder, with his residence
and the number of shares belonging to him.   It is also
the duty of the bank, under the law, to pay the tax col-
lector the taxes authorized by this assessment when they
become due, and the taxes are made a lien upon the real
estate of the bank.   If the bank is liable for the payment
of the taxes, and the law imposes upon it the duty of
paying them, then a trust is imposed upon the bank by
the law for the payment of the taxes, and the bank could
properly bring the action under § 4825, *supra*.   As a
practical fact, the assessor goes to the cashier of the bank
to obtain his data.   In fact, it frequently occurs that the
owners of the shares are non-residents, and the tax could
not be collected in any other way.

It is urged by the appellants that the shareholders would have a right to bring this action, and that they would have a right to go before the board of equalization to resist the raising of their assessment. It may be that this is true, but it is not necessary to determine that question in this case. The law certainly has constituted the bank the trustee of the shareholders for the purpose of returning the assessable property to the assessor, and of paying the taxes on the same to the collector.

It is urged by the appellants that, under the provisions of the Code, the court should have taken testimony before entering judgment in favor of the respondent; but we think, under the provisions of §5090, Bal. Code, the court was justified in entering judgment upon the pleadings.

Some argument seems to be based upon the fact that the respondent did not go before the board of equalization to obtain a reduction of the assessment, but under the allegations of the complaint, which are not controverted, the respondent was misled by the statement of the assessor. When the list was furnished to the assessor, and he stated to the respondent that the property would be assessed at the same value that it was the year before, we think it had a right to rely upon that statement, and a fraud was perpetrated upon it when the assessment was raised. Relying upon the statement of the assessor, it had no notice that the assessment was raised; for the law provides that, when the board of equalization raises the assessment as made by the assessing officer, notice must be given to the tax payer. In this instance no notice was given, because the assessment was not raised by the board of equalization and the respondent had no opportunity to review the action of the assessor.

The judgment is affirmed.

REAVIS, ANDERS and WHITE, JJ., concur.