[No. 3897. Decided September 7, 1901.]

CAROLINE A. LADD et al., Respondents, v. GEORGE N. GIL-
SON et al., Appellants.

TAXATION—ASSESSMENT OF BANK STOCK—INCREASE BY BOARD OF
EQUALIZATION—NECESSITY OF NOTICE TO STOCKHOLDERS.

Notice from the board of equalization to a shareholder of the
capital stock of a bank of a proposed raise in the value of his
assessment is not necessary, since notice to the bank is sufficient
for that purpose, under the provisions of Bal. Code, §§ 1677-1680,
which constitute the bank the general agent of the shareholder.

SAME.

Where a bank appears before the board of equalization, pur-
suant to a notice requesting it to "show cause, if any, why your
personal assessment for the year 1900 should not be raised," and,
without any objection to the form of the notice, is fully heard
upon the subject of an increase in the valuation of the shares of
its capital stock, none of its shareholders can complain that the
notice given was not notice of an intention to raise the valuation
upon the shares of stock of the bank.

Appeal from Superior Court, King County.—HON.
WILLIAM HICKMAN MOORE, Judge.  Reversed.

Walter S. Fulton, Prosecuting Attorney, for appellants.

Peters & Powell, for respondents.

PER CURIAM.—This is a proceeding instituted in the
court below for a writ of review, to review an action of the
board of equalization of assessment for the city of Seattle.
The respondents are holders of sixteen hundred and nine-
ty-seven shares of the capital stock of Dexter Horton & Co.,
Bankers, a corporation located and doing business in the
city of Seattle.  The assessor of King county, for the pur-
poses of taxation for the year 1900, assessed and valued
these shares at $2,833.99.  On January 1, 1901, the board

of equalization of assessment for the city of Seattle raised said assessment, as returned by the assessor, to $50,910. N. H. Latimer, acting as general manager of said bank, appeared before the board in response to the following notice:

"Seattle, Wash., Aug. 10th, 1900.
"To Dexter Horton & Co., Seattle:

"The board of equalization, now sitting at the King County Court House, hereby cites you to appear before it within five (5) days after the date of the service of this notice upon you, and show cause, if any, why your personal assessment for the year 1900 should not be raised.

No. 43.                    "BOARD OF EQUALIZATION."
"By E. H. EVENSON, Clerk of the Board.
"By E. W. Wood, Deputy,"—

and made representations to said board in opposition to the raising of said assessment. The board, after due hearing, in which the bank was fully heard, reached the conclusion that said assessment ought to be raised, and that $50,910 was a true, just and equitable valuation of said stock, and thereupon increased the valuation of the same to said amount. The court below found that the board, in raising said assessment, acted without notice to the respondents and without the appearance of the respondents, and that by reason thereof the said board was wholly without jurisdiction, and its act in raising said assessment void. Judgment was accordingly entered for the respondents. From the same this appeal is prosecuted.

But two points are raised. It is contended by the respondents (1) that the notice to the bank was no notice to the stockholders, (2) that the notice given was not notice of an intention on the part of the board to raise the valuation upon the shares of stock of the bank. The determination of these questions depends upon the proper construction of §§ 1677-1680, Bal. Code. It will be no-

ticed from an examination of these sections that the proportionate part of the value of the real estate belonging to the bank shall be deducted from the shares of stock; that the bank is to pay the tax; that if the tax is not paid the bank is liable for the same, and it has a lien on the shares, as well as on all the rights and property of the share owners in the corporate property for the taxes so paid; and that the shares must be taxed at the place where the bank is located. The cashier of the bank is required to deliver to the assessor a statement, verified by his oath, showing the name of each shareholder, with his residence, and the number of shares belonging to the shareholders at the close of business the day preceding the day on which annual assessments are to be made. To the bank only is the assessor to look for the assessable shares of stock. The bank is required, in listing this stock for taxation, to do just the same things that an individual is required to do in listing *his* property for taxation. The assessment of the shares for taxation depends upon the assessment of the real estate of the bank for taxation, as the value of such real estate must be deducted from the value of the shares. These matters are so intermingled that, taken in connection with the fact that the shares are taxed where the bank is located and that the bank is required to list the shares and to pay the taxes, it may reasonably be concluded that the object of the law is to put the bank in the place of the owner for the purpose of taxation, and for such purpose to make the bank the general agent of the owner. Equalization of taxes is one step in their levy and collection. The bank, being for the purpose of the taxation of the shares the general agent of the shareholder, should be regarded, as to that purpose, as though its range was unlimited. This is the view taken by this court in *Citizens' National Bank v. Columbia County*, 23 Wash. 441 (63 Pac. 209). In

that case, at the time the cashier made out the statement, the assessor informed the bank, through him, that the assessment on the shares of stock would not exceed the amount assessed thereon in 1897. The bank relied on these representations for the valuation of the stock. Therefore the bank did not go before the board of equalization, and ask for a reduction of the assessment. The assessor assessed the stock for a much larger sum than he said he would assess it for. In that case the court allowed the bank to maintain an action in its own name to restrain the collection of the excessive tax; the court thereby recognizing as an essential fact, that the bank had the right to appear before the board of equalization to prevent excessive valuation on the stock. In that case the court said:

"A bank is composed of its shareholders, and, while the law assesses the shares to the shareholders, it imposes upon the bank the duty of making out and delivering to the assessor of the county in which the bank is located a statement, verified by the oath of the cashier of said bank, showing the name of each shareholder, with his residence and the number of shares belonging to him. It is also the duty of the bank, under the law, to pay the tax collector the taxes authorized by this assessment when they become due, and the taxes are made a lien upon the real estate of the bank. If the bank is liable for the payment of the taxes, and the law imposes upon it the duty of paying them, then a trust is imposed upon the bank by the law for the payment of the taxes and the bank could properly bring the action under § 4825, *supra*. As a practical fact, the assessor goes to the cashier of the bank to obtain his data. In fact, it frequently occurs that the owners of the shares are non-residents, and the tax could not be collected in any other way. . . . The law certainly has constituted the bank the trustee of the shareholders for the purpose of returning the assessable property to the assessor, and of paying the taxes on the same to the collector."

The law charges the principal with notice of every fact

coming to the knowledge of the agent which is connected with the business in which the agent is employed. If actual notice is communicated to an agent of the party to be bound, and the agent acts on that notice, and represents the principal in the matter in hand, the principal should not be allowed to say that he—the principal—did not have notice. Notice to the agent is notice to the principal is a familiar rule. Under the provision of the law cited, the bank stood, in all respects in regard to taxation, in the place of the owner. The staute requires five days' notice in writing to be given by the board to the owner or agent as to the intention of the board to raise the valuation put upon property by the assessor. Bal. Code, § 1714. The statute does not require any particular form of notice. The bank being the only person authorized to pay the tax and to list the property of the shareholders for taxation, and the value of such shares being connected with the value of the real estate of the bank, we think the notice was sufficient to advise the bank, so as to cover the shares of stock taxable only in connection with the real estate of the bank, in the place where the bank is located, without regard to the residence of the owner. No objection was made to the form of the notice. In obedience to the notice the bank appeared, and endeavored to show why the valuation on the shares of stock should not be raised. The bank, recognized the jurisdiction of the board, submitted to the same, and litigated to a conclusion the matter in controversy. It was within the scope of the bank's agency so to do. The owners of the stock should not now be heard to complain. They, through their statutory agent, have had their day in court.

The judgment of the court below is therefore reversed, with instructions to dismiss this action at the cost of the respondents; appellants to recover costs of this appeal.