[No. 7866. Department Two. September 30, 1909.]

VANCOUVER WATER WORKS COMPANY, *Appellant*, v. CLARKE COUNTY et al., *Respondents*.[1]

TAXATION—EXCESSIVE ASSESSMENT—EVIDENCE—SUFFICIENCY. In an action to reduce an assessment upon lands containing springs used for a city water supply, it is no evidence of overvaluation that farming lands in the vicinity were assessed at a less rate, or that other springs were assessed less, in the absence of proof that they were in demand for a similar use.

SAME—FRANCHISE. The assessment of a city water company's franchise is not shown to be excessive from the fact that the franchises of telephone and light companies were less, there being no evidence to form a basis of comparison.

SAME—PRESUMPTION TO SUPPORT. An assessor acts in a *quasi* judicial capacity, and it requires clear evidence to overcome the presumption that he acted in a proper manner in fixing valuations.

Appeal from a judgment of the superior court for Clarke county, Linn, J., entered May 25, 1908, upon findings in favor of the defendants, after a trial on the merits before the

[1]Reported in 104 Pac. 180.

court without a jury, in an action to obtain a reduction of taxes assessed against a water works system.  Affirmed.

*Rands & Connor* and *A. L. Miller*, for appellant.

*Jas. P. Stapleton*, for respondents.

PER CURIAM.—The appellant owns and operates a system of water works with which it supplies the city of Vancouver, Washington, and the inhabitants thereof, with water.  During the year 1905-6, its property was assessed at a rate which it deemed greater proportionally than that at which surrounding, contiguous, and like property in Clarke county was assessed.  It appeared before the board of equalization and protested against the assessment, but succeeded in securing only a partial reduction.  It thereupon began the present action in the superior court of Clarke county to secure a further reduction.  Judgment went against it in that court, and it has appealed the case here.

The evidence on which the appellant relies is somewhat meager.  From the testimony of the manager of the appellant company, who was the only witness called, it can be gathered that the company owns two tracts of land lying some five miles distant from the city of Vancouver, the one containing 9.27 acres and the other 11 acres; that on these tracts are located the springs which furnish the supply of water which the company distributes to its consumers.  It further appears that the assessor did not assess the appellant's plant as one complete whole, but as if composed of several distinct parts, valuing the tracts containing the springs at $5,000 each, and the franchise which the appellant has from the city of Vancouver at $10,000.

It also appeared that the mains and pipes through which water was carried and distributed, and certain other property of the company, were valued separately, but at what figure does not appear in the record; nor does it appear what the assessment was upon the property as a whole; nor

is there any evidence in the record as to the value of the appellant's plant, other than what might be inferred from the fact that it was bonded for $100,000, had a gross income for the year 1906 of something over $20,000, and that the operating expenses for the same year were $5,142.48. The appellant did introduce evidence, however, tending to show that other lands in the vicinity of its own tracts were assessed at from fourteen to thirty-two dollars per acre, two or three of which contained springs which the witness stated were of a capacity equal to those belonging to the appellant, and so situated that they could be used to supply the city of Vancouver with water. It was also shown that a light and power company and a telephone company had franchises within the city of Vancouver, and that these franchises were assessed at $3,000 and $5,000 respectively, as against assessments of $10,000 on the appellant's franchise. There was no definite evidence as to the value of these properties, nor as to their gross or net earnings, nor their relative value as compared with the value of appellant's property.

The appellant's counsel, in his argument in this court, treats the several parts of the appellant's property, into which the assessor divided them for assessment purposes, as separate entities, and argues that the foregoing evidence shows that the land containing the springs, and the franchises granted by the city to lay pipes and mains along its streets, are grossly overvalued when compared with the assessment of property of like kind and character belonging to other owners. But it has seemed to us that the appellant has fallen far short of establishing these facts. Whether its property as a whole is overassessed there is, of course, no evidence at all, since neither the amount of its assessment nor the value of its property is shown. It is no evidence of overassessment to show that land in the vicinity of appellant's land is assessed for a less amount than is the appellant's land, without showing that they are alike in character and are in demand for the uses to which the appellant's land is devoted.

For this reason land valuable for ordinary farming purposes cannot be justly compared for assessment purposes with land containing springs which are used to supply a city with water. It is, therefore, no evidence at all that appellant's lands are overvalued to show that farming lands surrounding it are assessed at a much less valuation. The appellant's lands do not derive their value from their use for farming purposes; neither are they being so used. Nor is it evidence that they are overassessed to compare the amount at which they are valued with the assessment put by the assessor upon lands containing springs, without showing that the springs are in demand for a use like or similar to that for which appellant's springs are used; but of this there was no evidence at all. The witness merely said that the springs could be used for furnishing water to Vancouver; not that there was any demand for their use for that purpose, or for any other that made them of value. This, we think, too remote to afford a basis of comparison.

With reference to the franchise, the evidence was even less satisfactory. The witness testifying gave no figures to support his estimates of the values of the franchises of the telephone company and the light and power company, and to reduce the assessment on the franchise of the appellant company would be simply to substitute the judgment of the witness as to the value of the several franchises for that of the assessor. This we are not warranted in doing. The assessor in placing valuations upon property for the purpose of assessment acts in a *quasi* judicial capacity, and the law presumes that he has done his duty in a proper manner and, as we said on another occasion, this presumption is liberal, and is not to be overturned except by clear and convincing evidence. *Northern Pac. R. Co. v. Pierce County, ante* p. 108, 104 Pac. 178.

Whether, therefore, there was an overassessment in the instant case is not established by the record, and the judgment will stand affirmed.