[No. 10991.  Department One.  March 12, 1913.]

ISAAC BLUMAUER, *Appellant*, v. C. B. MANN *et al.*,
*Respondents.*[1]

TAXATION—VALUATION—EQUALIZATION—NOTICE OF INCREASE. Tax-
payers who appeared before the board of equalization to protest
against increased valuations, pursuant to a notice to show cause,
cannot thereafter object that the notice was insufficient in form.

SAME—EXCESSIVE ASSESSMENT—FRAUD. An assessment of prop-
erty for taxation will not be set aside as excessive unless the evi-
dence is clear that the board of equalization acted arbitrarily or
fraudulently.

Appeal from a judgment of the superior court for Thurs-
ton county, Sheeks, J., entered December 8, 1911, dismissing
an action to restrain the collection of taxes, after a trial on
the merits.    Affirmed.

*Thomas M. Vance* and *Harry L. Parr*, for appellant.

*John M. Wilson*, for respondents.

MOUNT, J.—This action was brought to restrain the coun-
ty officers of Thurston county from collecting taxes against
certain described lands belonging to the plaintiff.  The ac-
tion is based upon the alleged ground that, in the year 1908,
the values returned by the county assessor were raised by
the county board of equalization without notice to the plain-
tiff, and that the increased value as fixed by the county board
of equalization was unjust and arbitrary.  These allegations
were denied.  The action was tried to the court, and re-
sulted in a judgment in favor of defendants for their costs,
and denying the relief prayed for in the complaint.  Plaintiff
has appealed.

The appellant argues that the values of his property, as
fixed by the county board of equalization in the year 1908,
were increased without notice and therefore without authority

[1]Reported in 130 Pac. 491.

of law, and were fixed arbitrarily and unjustly. As we read the record, a notice of intention to increase the values was sent to and received by the appellant, who appeared before the board of equalization and protested against the increase in value. It is true that some of the descriptions in this notice were of property that did not belong to the plaintiff, but it also appears that all the property which was increased in value was described in the notice. It also appears that a hearing was had and evidence taken by the board of equalization as to the value. No objections were made at that time to the form of the notice or to the sufficiency of it. The appellant appeared before the board of equalization in answer to the notice, and endeavored to prevent an increase, but his protests were denied. The object of the notice was accomplished, and plaintiff cannot now complain that the notice was insufficient. *Ladd v. Gilson,* 26 Wash. 79, 66 Pac. 126; *Edison Elec. Ill. Co. v. Spokane County,* 22 Wash. 168, 60 Pac. 132.

We find no substantial evidence in the record to indicate that the board of equalization acted arbitrarily or fraudulently when it increased the values as returned by the assessor. Before an assessment can be set aside upon these grounds, the evidence must be clear to that effect. *Northern Pac. R. Co. v. Pierce County,* 55 Wash. 108, 104 Pac. 178; *Doty Lumber & Shingle Co. v. Lewis County,* 60 Wash. 428, 111 Pac. 562, Ann. Cas. 1912 B. 870.

The lower court therefore properly dismissed the action. Judgment affirmed.

CROW, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.