THE COUNCIL OF NEWARK, a municipal corporation of the State of Delaware, *vs*. THOMAS R. CLARINGBOLD.

TAXATION—REAL PROPERTY—ASSESSMENT—ELEMENTS OF VALUE.

Where real property belonging to a taxpayer was used as a storehouse for the carrying on of a liquor merchant's business, the fact that the owner had a liquor merchant's license and was using the premises therefor was a fact which the assessor was properly authorized to consider in determining the value of the property for taxation.

(*June* 1, 1914.)

PENNEWILL, C. J., and RICE, J., sitting.
*Robert G. Harman* and *Charles B. Evans* for plaintiff.
*Robert H. Richards* for defendant.
Superior Court, New Castle County, May Term, 1914.

AMICABLE ACTION (No: 128, March Term, 1914) by the Council of Newark, a municipal corporation, against Thomas R. Claringbold, to determine the validity of a tax assessment of defendant's property. Judgment for plaintiff. On error, *post*, 94 *Atl.* 1102.

The question presented to the court, on an agreed statement of facts contained in the opinion of the court, was whether the assessor and council, in assessing and valuing the said real estate,

Opinion.

had a right to take into consideration the fact that the defendant was at the time the holder of a merchant's license for the sale of intoxicating liquor at his store located on said real estate.

PENNEWILL, C. J., delivered the opinon of the court:

The following agreed statement of facts was filed in the above-stated case:

(1) The plaintiff is a municipal corporation duly created by the General Assembly of the State of Delaware, for the government and control of the Town of Newark, New Castle County, Delaware, by *Chapter* 175, *Volume* 18, *Laws of Delaware*, *Chapter* 419, *Volume* 22, *Laws of Delaware*, and other acts supplemental to and amendatory of said first mentioned act.

(2) The defendant is a resident and taxable of said town, owning the following real estate therein, viz.:

All that lot or piece of land, with the storehouse and dwelling house thereon erected, situate in the Town of Newark, New Castle County and State of Delaware, more particularly bounded and described as follows, to wit:

Beginning at the corner of this land and land now or late of Sarah Roach, formerly a corner of the storehouse, and running thence by the north side of Main Street, forty-three feet, six inches to a line of land, formerly of C. McLaughlin, now of the estate of Pusey Pemberton, deceased; thence along the west line of said Pemberton's three hundred and twenty-five feet to a stone in line of land formerly of John W. Evans, now of the Trustees of Delaware College; thence with said line of the Trustees of Delaware College, forty-three feet, six inches to a stone west of a stone now set; thence parallel with Pemberton's line, three hundred and twenty-five feet along the division line for this lot and lot formerly of Miss Bennison, now of Sarah Roach, to the place of beginning. Be the contents more or less.

(3) For the tax year beginning July 1, 1911, and ending June 30, 1912, the assessor of said municipal corporation did value and assess said real estate, for the purpose of municipal taxation, at the sum of thirty thousand dollars ($30,000.00).

(4) The defendant, then as now the owner of said real estate, did duly and properly appeal from said assessment to the council of the said municipal corporation, which said council did hear said appeal in accordance with law and did determine the same by refusing to reduce the amount of said assessment or to change the same.

(5) In making and finally determining and settling said assessment of said real estate, both the said assessor and the said council did take into consideration, in fixing such assessment or valuation of said real estate as aforesaid, the fact that the defendant was then and there the holder of a license to sell intoxicating liquors, as a liquor merchant, at the storehouse located on and constituting a part of said real estate, which said license is known as a "Liquor Merchant's License," and which said license had theretofore been granted to the said defendant by the Court of General Sessions of the State of Delaware, in and for New Castle County.

It was further agreed by the attorneys for the respective parties that:

"If the court shall be of opinion that the said assessor and the said council were legally authorized to take into consideration, in assessing and valuing said real estate for the purpose aforesaid, the said fact that the said defendant was then and there the holder of said license, then judgment shall be entered for the plaintiff and against the defendant for the sum of three hundred and fifteen dollars ($315), with the costs of this suit; but if the court shall be of opinion otherwise, then judgment shall be entered for the plaintiff and against the said defendant for the sum of seventy-five dollars ($75), and the costs of this suit shall be taxed against the plaintiff."

The only question to be determined by the court, under the case stated, is whether the assessor and council, in assessing and valuing the real estate of the defendant had the right to take into consideration the fact that the defendant was at the time the holder of a license to sell intoxicating liquors, as a liquor merchant, at the storehouse located on and constituting a part of said real estate.

Counsel for the defendant cited cases in support of the proposition that a license or right to sell intoxicating liquors is not property, and it cannot therefore be taxed.

Unless we entirely misconceive the real point in the case, it makes no difference whether such a license is property or not; neither does it matter whether it can be taxed or not. It has not been assessed, nor has any effort been made to tax it. The only thing that has been assessed and valued is the real estate of the defendant; and this clearly appears from the terms of the case stated.

In most of the cases cited by the plaintiff the property assessed or taxed was made more valuable because of water rights, springs, patent rights, good will, business, franchises, etc. Of such character were the following: *Stein v. Mayor, etc., Mobile*, 17 *Ala.* 234; *Manufacturing Co. v. Gilford*, 64 *N. H.* 337, 10 *Atl.* 849; *Blackstone-Mfg. Co. v. Blackstone*, 200 *Mass.* 82, 85 *N. E.* 880, 18 *L. R. A.* (*N. S.*) 755; *Van Couver Water Works Co. v. Clark Co.*, 55 *Wash.* 112, 104 *Pac.* 180; *State ex rel. v. Jones, Auditor*, 51 *Ohio St.* 513, 37 *N. E.* 945; *State ex rel. v. Halliday*, 61 *Ohio St.* 352, 56 *N. E.* 118, 49 *L. R. A.* 427.

In the last-mentioned case, in which the property taxed was protected by patent, the court said:

"That the income producing capacity of an article is an important factor in determining its value is so obvious as to seem beyond the bounds of controversy."

In *People ex rel. Albany G..B. Co. v. Weaver,* 34 *Hun* (*N. Y.*) 321, it was said:

"The property in question is a business property, created for the purpose of earning money. With respect to such property this court has decided that in ascertaining its 'full value' its cost may be considered, but the more controlling consideration is its earning capacity. * * * It seems to be just to give controlling weight to its earning capacity."

And in *People ex rel. Powers v. Kalbfleisch,* 25 *App. Div.* 432, 49 *N. Y. Supp.* 546, the court used this language:

"We are inclined to think that the net income of the building constructed for commercial purposes and as an investment is an important element in determining its assessable value."

The charter of the Town of Newark provides that:

"It shall be the duty of the assessor of said town, annually to make a true, just and impartial valuation or assessment of all real estate within said town." *Section* 31.

*Cooley,* in his work on *Taxation,* 755, 756, says:

"Just value is the market value or the price which the property will bring in a fair market after fair, reasonable efforts have been made to find a purchaser who will pay the highest price for it."

We think there can be no doubt that a "true, just, and impartial valuation" means the real value of the property valued.

Mr. Justice Brewer in the course of his opinion in *Adams Express Co. v. Ohio,* 166 *U. S.* 186, 17 *Sup. Ct.* 606, 41 *L. Ed.* 965, said:

"Substance of right demands that whatever be the real value of any property, that value may be accepted by the state for purpose of taxation, and this ought not to be evaded by any mere confusion of words. * * * Now it is a cardinal rule which should never be forgotten that whatever property is worth for the purpose of income and sale it is also worth for the purposes of taxation."

As stated in the syllabus of one of the cases above mentioned (61 *Ohio St.* 352, 56 *N. E.* 118, 49 *L. R. A.* 427):

"In ascertaining the true value in money of such property  *  *  *  every fact or circumstance  *  *  *  should be considered by him. One of those circumstances is the earning or rental value of such article."

Such we believe to be the law in every state in this country where the statutes governing assessments are substantially similar to our own.

The assessor of the Town of Newark had, therefore, one plain duty to perform, and that was to ascertain the value of the defendant's real estate. He was not required to make a valuation of defendant's license or privilege to sell intoxicating liquor; that was not liable to assessment or taxation. But he was required to make a valuation of his real estate, and necessarily he had a right to consider any facts or circumstances which would assist him in arriving at a just and true valuation. It was entirely immaterial whether the license was liable to taxation or not; it was equally immaterial what was the money value of the license itself. The assessor did not attempt to assess the license or determine its value. But he did consider this question: Whether the defendant's real estate was or was not enhanced in value because of his right to sell intoxicating liquors on the premises.

We think such a right may be considered by the assessor just as the location of the property, the purpose for which it is used, and any other fact which may be material and helpful in arriving at a just valuation.

Certainly location, environment and neighborhood may be considered, and they are not property, and cannot be taxed. It will not be denied that the assessor may consider the purpose for which the property is used in determining its value. For example, he may very properly conclude that a certain building used for mercantile or manufacturing purposes is more valuable than it would be if used for some other purpose, or for no purpose at all. It would be a logical conclusion that a property used as a hotel is more valuable if the occupant has a license to sell intoxicating liquors therein than it would be without such license. Indeed that is a fact within the common knowledge.

One test of the value of a property is what it would sell for. There can be no doubt that a hotel with a license would sell for more than one without a license, even if the current license was not transferred to the purchaser, because it would be assumed that a license could be obtained if there had been no violation of the law in the place. There could be no such assumption if the place was unlicensed, and its selling value would of course be less.

Another test of the value of a property is its income producing capacity or rental value. Certainly no one will deny that a hotel building with a liquor license would have a greater earning or producing capacity, and a greater rental value, than such a property without a license.

We think the above conclusions are amply sustained by the authorities. Indeed, we have found no authority to the contrary. The apparent conflict has been caused by the confusion of an assessment of real estate which is made higher because of a privilege or license, with the assessment of the privilege or license itself. In the present case there is no pretense of assessing or taxing the license. The real estate is the only thing assessed, and the license is simply considered, together with other facts and circumstances, in determining the true and just value of the real estate.

We will quote briefly from only a few of the authorities which sustain the views above expressed.

"All the elements which enter into the value of the property are to be considered by the assessors in making the valuation; as the advantages of a situation, its capacity for earning profits, and the valuable use to which it is put." 25 *Am. & Eng. Enc. of Law*, 226.

"As to the method of arriving at the value little is to be said. There are no definite rules on the subject, unless the statute has prescribed them, but the assessor is to value the property according to his best judgment and with honest purpose. * * * The income-producing capacity of property is also an important factor in determining its value. * * * And it is held that the aggregate value of land and the buildings thereon should be the full and fair cash value of the whole parcel as of the time when the valuation is made, considered with reference to all practical uses to which the land with the buildings can be put." *Cooley on Taxation, Vol.* 1, *pp*. 754, 756, 757.

A very clear statement of the method by which the valua-

tion of property should be made is given in *Volume* 37, *Cyc.* 1011, 1012, as follows:

"Unless otherwise directed by statute, land is to be valued at its actual worth or fair market value, which need not necessarily be its cost to the present owner or its price at sacrifice sale, but the price it would bring at a fair private sale between parties dealing on equal terms. In fixing this value the assessor should take into consideration all the different elements of value, and all the facts directly affecting the value of the land, such as advantages and disadvantages of situation, the uses to which the land may be put * * * but not merely conjectural or speculative elements of value. In case of business property, its income or earning capacity as an investment is a fair test of value."

At the argument some stress was laid upon the fact that under the present law of this state a license to sell intoxicating liquors is granted to the individual and not to the house. Because of that fact it was insisted that the license could not be considered in determining the value of the house for the purpose of taxation. It was also urged that such a license was not a franchise, but only a temporary right that might, for certain reasons, be revoked, and which at best might not continue for more than one year. That is, it might not be renewed.

Under our view of the law and the facts of this case, it makes no difference whether the license is granted specifically to the individual or his house; or whether it is a franchise or a mere temporary and uncertain right. If granted to the individual it is nevertheless to be exercised in the house and nowhere else. Therefore, the license is of no value without the house, and the house is of greater value because of the license. It is of value both to the individual and the house together, but of no value to the former without the latter.

And so we say that no matter to whom it is granted or what may be its legal character, if the license when issued enhances the value of the property by increasing its earning capacity, or by making the property worth more at a fair sale than it would be without it, the existence of the license was a fact that the assessor might consider in making a valuation of the defendant's real estate. Whether it did or did not enhance the value of the property was a matter for the assessor and council to determine. It is not for the court to say whether the assessment and valua-

Opinion.

tion were just or excessive. No opinion is expressed upon the character of the assessment, but the court are "of the opinion that the said assessor and the said council were legally authorized to take into consideration, in assessing and valuing said real estate for the purpose aforesaid, the fact that the defendant was then and there the holder of said license"; and judgment will be entered for the plaintiff and against the defendant for the sum of three hundred and fifteen dollars, with the costs of suit, in accordance with the provisions of the case stated.