[No. 17674.   Department Two.   March 30, 1923.]

MONROE WATER COMPANY, *Appellant*, v. SNOHOMISH COUNTY *et al., Respondents.*[1]

TAXATION (210)—ASSESSMENT — EXCESSIVE VALUATION — FRAUD. Findings that an assessment for taxation was not arbitrary or excessive, and that the assessor acted honestly, are sustained by evidence that a water company's property, assessed in 1921 at $21,000, originally cost $30,000, its reproduction cost in 1920 was $67,000 with 25% for depreciation, that the company was incorporated for $100,000, with a bonded indebtedness of $59,000, and it was impossible to place a value upon the plant exclusive of real estate.

APPEAL (454)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE. In an action tried to the court, the admission of hearsay evidence is harmless where the fact was established by other evidence without objection.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 16, 1922, dismissing an action to restrain the collection of taxes, after a trial on the merits. Affirmed.

*Robert M. Jones,* for appellant.

*Thos. A. Stiger,* for respondents.

PEMBERTON, J.—This is an action by appellant to secure the reduction of taxes upon its property for the years 1919, 1920 and 1921. It is alleged in the complaint that the value fixed by the assessor in 1919 was $10,310; in 1920, $20,600; and in 1921, $21,000, while the true value of said property was not in excess of $9,000; and that the assessment was without the exercise of honest judgment, and is arbitrary, capricious and constructively fraudulent.

In the case of *Blumauer v. Mann,* 72 Wash. 429, 130 Pac. 491, the court said:

"Before an assessment can be set aside upon these grounds, the evidence must be clear to that effect."

[1]Reported in 213 Pac. 926.

See, also: *Northern Pac. R. Co. v. Pierce County,*
55 Wash. 108, 104 Pac. 178; *Landes Estate Co. v.
Clallam County,* 19 Wash. 569, 53 Pac. 670; *Vancouver
Water Works Co. v. Clarke County,* 55 Wash. 112, 104
Pac. 180.

The undisputed testimony in this case shows that the
property was purchased in the year 1914 for $30,000;
that, in the year 1919, it collected from the public for
its services the sum of $14,057.05, and in 1920, $12,-
403.76; that there was no showing for the year 1921.
Mr. Flagg, engineer for the public service commission,
and R. H. Thompson, engineer and witness for appel-
lant, placed the reproduction cost of the property in
the year 1915 at $49,210. From this they deducted
organization costs of $6,902, leaving approximately
$42,000 for the reproduction in 1915. For the year
1919, the reproduction cost increased eighty-eight per
cent over that of 1915, making a total of $78,960, and
for the year 1920 sixty per cent, or the sum of $67,020.
From these assessments there should be deducted not
less than twenty-five per cent for depreciation.

It is also shown by the testimony that the water
company used the tax assessment against its property
for the years 1919, 1920 and 1921 as one of the grounds
for an increase in water rates, in its application for
an increase to the public service commission.

The president and general manager of the Monroe
Water Company, a corporation, appellant, testified
that the company was incorporated for $100,000, hav-
ing a bonded indebtedness of $59,000; that he was un-
able, and that no one else was able, to place a value
upon the plant exclusive of the real estate.

The testimony in this case fails to show that the
assessor acted arbitrarily, but on the contrary. We
are satisfied that he acted honestly and we cannot say
that the amount determined is in excess of the true

value of the property, and we must uphold the trial court in refusing to interfere with the same.

Appellant contends that the court erred in the admission of the testimony of the assessor as to what the public service commission had found the value of the property to be, on the ground that it was hearsay testimony and not the best evidence. We find, however, that the court, without objection, admitted the report of the public service commission as one of the exhibits in the case, which was substantially the same as testified to by the assessor, and the admission of such alleged hearsay testimony was therefore not prejudicial to appellant.

The judgment of the trial court will be affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.