[No. 28985. Department One. June 10, 1943.]

SANFORD SKIDMORE, *Respondent,* v. PACIFIC CREDITORS, INC., *et al., Appellants.*[1]

*Bigelow & Manier,* for appellants.

*Charles T. Wright (Doane Brodie, Harrison G. Mc-Adams, R. W. Greene,* and *Sanford Skidmore,* of counsel), for respondent.

[1] Reported in 138 P. (2d) 664.

MILLARD, J.—Summons and complaint were filed April 5, 1940, in an action instituted by plaintiff to recover, on the ground of fraudulent representations, against Pacific Creditors, Inc., a domestic corporation, and two of its officers and their wives, the purchase price of one hundred dollars paid by plaintiff to defendants for a collection agency and for damages and funds ("the exact amount of said expenditures being unknown to plaintiff") expended in operation of the collection agency subsequent to the purchase. By a second cause of action, plaintiff sought recovery in the amount of twenty-five dollars upon an assigned account.

A demurrer to the complaint and a motion to make the complaint more definite and certain, filed April 10, 1940, by the then attorney for defendants, were never brought on for hearing. Plaintiff filed an amended complaint June 12, 1940, which is the same as the original complaint except for incorporation therein of a copy of the agreement for sale and purchase of the collection agency.

Plaintiff filed motion for default July 31, 1941, for want of answer or other pleadings by defendants. This motion was supported by affidavit of one of plaintiff's attorneys that June 10, 1940, he caused to be served upon the then attorney of record for defendants an amended complaint by depositing same in the United States mail with postage regularly prepaid and addressed to said attorney, and that, after the lapse of more than one year since such service, defendants had failed to file or serve any pleading, notice, or matter of any kind in the action. Hearing on motion for default was noted for August 11, 1941. A new attorney for defendants served and filed an answer August 7, 1941, which is, in fact, an answer to the amended complaint though not so denominated.

At the hearing on the motion for default, the attorney then representing defendants contended that the

amended complaint had never been served upon either the then attorney or the former attorney for defendants. The court orally ruled that defendants were in default for want of answer to the amended complaint.

No further steps were taken by any of the parties until entry September 29, 1942, of an order of default and a judgment awarding plaintiff recovery against defendants in the amount of $375. Attorneys who represent defendants on appeal joined with two other attorneys for defendants October 3, 1942, in motion to reopen the default and vacate the judgment entered thereon. An affidavit of the president of defendant corporation and the two former attorneys of defendants, filed October 3, 1942, in support of the motion, avers that affiants never received a copy of the amended complaint and never had knowledge thereof until July 31, 1941, when plaintiff's motion for default was served and filed. Affiants further averred that, if they were mistaken as to their averment of nonreceipt of the amended complaint and that same may have been misplaced by them, their answer filed August 7, 1941, was an answer to the amended complaint. There is an additional averment that an order of default was entered September 29, 1942, without notice to defendants. A controverting affidavit avers that one of the attorneys for defendants acknowledged service of motion for default, hearing on which was set for and had August 11, 1941.

At the hearing upon defendants' motion filed October 3, 1942, to reopen default and vacate the judgment entered thereon, plaintiff admitted that neither the order of default nor judgment entered September 29, 1942, had been presented to defendants or their counsel and, also, that no evidence was taken at any time in support of the allegations of the complaint. This appeal is prosecuted by defendants from an order denying their motion to set aside the judgment taken by default against them.

Appellants contend that they timely pleaded by demurrer and motion to the original complaint, which respondent abandoned; and that, immediately following service upon them of motion for default, they served and filed an answer to the amended complaint, which had never been served upon appellants and of the existence of which they were not aware until served with motion for default; therefore, it constituted an abuse of discretion by the trial court to grant the motion for default August 11, 1941.

True, appellants duly appeared, demurred to and moved against the original complaint. The demurrer and motions were never brought on for hearing. The filing by respondent of an amended complaint constituted an abandonment of the original complaint, and the action rests on the amended complaint. Appellants did not, until the lapse of more than a year after the filing of the amended complaint, when respondent moved for a default and noted the motion for hearing, answer the amended complaint. Whether, prior to this time, the amended complaint was served upon appellants is a question of fact. The trial court was convinced, as are we by our examination of the record before us, that copy of the amended complaint was duly served upon one of former counsel for appellants. No showing has been made which would excuse the failure of appellants to answer within the prescribed statutory period.

Appellants concede that the power to set aside a default is discretionary with the trial court but urge that in the case at bar the court abused its discretion in refusing to vacate the default judgment. Appellants made no showing which would justify their failure to answer the amended complaint until after notice of default. In *Haynes v. Schwartz Co.*, 5 Wash. 433, 32 Pac. 220, we held that it is not an abuse of discretion for the trial court to refuse to set aside a default against a defendant who has failed to file his answer

until after notice of default, where no showing is made which would justify or excuse the failure of the defendant to answer within the time prescribed by statute, although the answer, as filed, may set up a meritorious defense. See, also, to the same effect, *Jordan v. Hutchinson*, 39 Wash. 373, 81 Pac. 867; and *General Lithographing & Printing Co. v. American Trust Co.*, 55 Wash. 401, 104 Pac. 608.

■ Appellants next contend that the motion of the appellants to vacate the order of default and the judgment based thereon should have been granted for the reason that they were not given, as required by the statute (Rem. Rev. Stat., § 241 [P. C. § 8451]), notice of application of respondent for judgment. The statute (Rem. Rev. Stat., § 241) provides that a defendant appears in an action when he answers, demurs, makes any application for an order thereon, or gives the plaintiff written notice of his appearance, and that after appearance a defendant is entitled to notice of all subsequent proceedings.

After granting of motion for default for failure to appear and answer in time, the defendant is not entitled by reason of later appearance to notice of application for judgment under Rem. Rev. Stat., § 411 [P. C. § 8109], entitling him to five days' notice of subsequent proceedings if he gives notice of appearance before the time of answering expires.

The action of the court, as held in *Haynes v. Schwartz Co.*, 5 Wash. 433, 32 Pac. 220, in granting the default relates back to the time at which the motion for default was made. The motion for default was made July 31, 1941, and noted for hearing on August 11, 1941, at which time the court orally announced granting of the motion for default. At all times subsequent thereto appellants were in default. Being in default, they were not entitled to any notice of any subsequent proceeding.

■ The gist of appellants' final contention is that the principal cause of action is for damages, the amount of which is not definite; therefore, while a default admits the right to recovery, the default does not admit the amount and the court is without authority to enter a judgment for more than nominal damages without introduction of proof.

Respondent claimed that he was damaged in the amount of $375 by reason of reliance upon the misrepresentations of appellants whereby he was induced to purchase a collection agency from the latter. Of the amount claimed, two items aggregating $125 are liquidated. The item of $250, respondent alleged, was for damages and funds (the exact amount of the expenditures being unknown to respondent) he expended in operating the business.

The assessment of damages must be made upon proof (Rem. Rev. Stat., § 411, subd. 2), as the amount of damages (the item of $250) is not confessed by default.

Where the cause of action is such that a plaintiff, if entitled to recover at all, is entitled to recover a fixed or liquidated amount, or where the amount of his damages is ascertainable by mere calculation, defendant's default admits plaintiff's right to recover the sum demanded in the complaint which may be entered therefor without further proof, but, where the action is for an unliquidated amount, a default admits only plaintiff's right to recover something but does not admit the amount to which he is entitled; this must be established by proof. 34 C. J. 176; 17 C. J. 1042; 25 C. J. S. 836.

The judgment upon default entitled respondent to recovery in the amount of $125 on two items, but as to the claimed damages of $250, which respondent admitted was only an approximation, the court committed error. Evidence should have been taken to ascertain the amount of damages respondent sustained.

*Citizens' Nat. Bank v. Columbia County,* 23 Wash. 441, 63 Pac. 209, cited by counsel for respondent, is not apposite. It was unnecessary under the provisions of Bal. Code, § 5090 (Rem. Rev. Stat., § 411, subd. 2), to take testimony before entering judgment in favor of the plaintiff. Under the allegations of the complaint, which were not controverted, the plaintiff was misled by the statement of the assessor that the property would be assessed at the same value that it was the year before. We held that the plaintiff had a right to rely upon that statement, and a fraud was perpetrated upon plaintiff when the assessment was raised. It follows that all the court had to do was to enter judgment upon the pleadings in the amount the complaint alleged that the assessor represented the property would be assessed, which was the same value that it was the year previously.

The judgment is reversed and the cause remanded, with direction to the trial court to require the respondent to prove the amount of his claimed second item of damages.

SIMPSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.